## GENERAL ACCIDENT & LIFE ASSURANCE CORP v INGALLS

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided April 20, 1931

M. W. Vickery and J. R. Jewitt, both of Cleveland, for Insurance Co.

J. R. Kistner, Cleveland, for Ingalls.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist) sitting.

**LEMERT, J.**

Plaintiff claims that it is subrogated to any rights Krogers may have against these defendants, and exercising its supposed right, settled with the defendants to the amount of the verdict it has been compelled to pay and the costs of the suit.

It is noted that part of the lease upon which the suit is based, and which has heretofore been quoted in full, is not an indemnity agreement in any sense of the word. Defendants did not agree to indemnify Krogers against a loss such as the accident was nor to pay any judgment rendered against them. Plaintiff's herein are attempting to construe a simple covenant to keep a building in repair into an indemnity agreement. If defendants agreed to indemnify Krogers against such a loss reduced to judgment as in this case, they would in fact be writing insurance, or in other words plaintiff is attempting to do indirectly what Mrs. Ripley could not have done directly, namely, prosecute her suit directly against these defendants. Defendants owed Mrs. Ripley no duty, either because of their lease with Krogers or at common law.

It is well settled as a proposition of law that even if the lessors had expressly agreed to indemnify the lessee the latter could not recover, unless the indemnity agreement provided for such indemnification in clear and unequivocal terms.

"Public policy requires that contracts of indemnity, purporting to relieve one from the results of his failure to exercise ordinary care, shall be strictly construed, and will not be held to provide such indemnification, unless so expressed in clear and unequivocal terms.

"Where, in a contract of indemnity, general words are used after specific terms, the general words will be limited in their meaning to things of like kind and nature as those specified." **George H. Dingledy Lumber Company et al v Erie Railroad Company, 102 Oh St 236.**

It is to be noted that the plaintiff herein contracted with Krogers for a stated consideration to indemnify the latter, against loss arising out of personal injuries sustained by persons in connection with the operation of its store at Painesville. It was obligated to Krogers only. No relationship, contractual or otherwise, existed between Mrs. Ripley and the defendants. Under the cloak of the equitable doctrine of subrogation, plaintiff herein seeks to establish the inequitable principle that it may accept a premium for insuring a party against the liability imposed by law for said party's negligent conduct and thereafter escape all loss under its policy contract by having another party, who happens to occupy a contractual relation with the insured, pay the loss. It attempts to extend the doctrine of equitable subrogation to a doctrine of subrogation to a right of subrogation.

Plaintiff seeks to recover, not by way of contribution in toto from an alleged implied indemnitor whose liability if any to the plaintiff's assured, did not accrue until the assured suffered an actual loss by paying damages to the injured parties as plaintiff's assured has not suffered any damage, it is not claimed that Krogers paid any part of the verdict or expenses. In other words, plaintiff seeks to have the doctrine of subrogation place an insurance company, which pays a loss by reason of its express agreements, in a position to assert a breach of a contractual obligation in the place of the assured, when the facts disclose that the alleged breach did not result in any actual loss or damage to its assured. This doctrine is very nicely treated in the 49th U. S. 453.

Therefore, from an examination of the record before us we find that it discloses that the lease upon which this action is predicated contains no indemnity agreement, and even if it did contain one the insurance carrier of the tort feasor cannot recover.

Therefore, it follows that the demurrer in the court below was properly sustained.

SHERICK, PJ, and MONTGOMERY, J, concur.