FRANK B. WEIK, JR., appellant, v. ACE RENTS INCORPORATED, appellee.

No. 49311

(Reported in 87 N.W.2d 314)

January 14, 1958.

Levine & McGrane, of Des Moines, for appellant.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellee.

Oliver, J.—Plaintiff's petition, as amended, alleges defendant operates a rental service in Des Moines, furnishing to the general public, for rent or hire, various tools, equipment, etc.; that plaintiff rented from defendant a rotary power lawn mower

for the purpose, disclosed to defendant, of mowing grass at his home; that the mower was equipped with a safety device designed to tip the mower when the handle was pulled down, so as to shield and protect the operator from its rotating cutting blades; that the mower was dangerous and defective in that the safety device was defective and broken, of which condition plaintiff was not aware; that while operating the mower plaintiff slipped and fell and his foot was seriously injured by the revolving blade, because of the failure of the safety device to function; to plaintiff's damage, for which judgment against defendant is prayed.

Count I of the petition is based upon the breach of defendant's alleged oral warranty of the condition of the mower. Count II is based upon defendant's alleged negligence in renting a defective and dangerous machine to plaintiff.

Defendant's answer, filed May 17, 1956, denies most of the allegations of the petition but admits it operates a rental service under the name of Bob's Rent Service and that it rented the power mower to plaintiff. It alleges the rental was pursuant to a written agreement signed by plaintiff, a copy of which, Exhibit A, is attached to the answer; that the machine was not defective; that there was no warranty, express or implied; that Exhibit A represents the entire agreement between the parties, and is an agreement by plaintiff to exonerate, indemnify and save harmless the defendant from all claims arising out of the use of the power mower. Exhibit A lists the power mower and states:

"I/We, the undersigned, do hereby rent and accept the above listed equipment and acknowledge that it is in good working condition and agree to pay a stipulated rental therefor, and agree to take care of all the said equipment and to use it in a proper manner and agree that in the event any of the rented equipment is lost or destroyed before it is returned, to promptly pay to the company the full value of such rented property, in cash and if damaged or injured in any way, to pay an amount equal to the reasonable cost of repairing the same, and further do hereby exonerate, indemnify and save harmless the company from all claims or liabilities to all parties for damage or loss to any person, persons or property in any way arising out of or during the use of said equipment. It is agreed that upon failure

to pay rent or if default is made in any of the other terms hereof, the company may at once take possession of said rented equipment wherever the same may be found and remove the same, and the company or its agents shall in no way be liable for any claims for damages or injury in the removal of said equipment.

"It is understood that the rental commences as of the date and time hereof and ends only when the rented equipment is returned or delivered at the office or shop of the said company.

"It is further understood and agreed that any property upon which the equipment and/or materials are used shall be chargeable with a mechanic's lien for all claims of lessor for the use of and/or conversion of the items covered thereby.

"/s/ Frank Weik, Jr."

Plaintiff filed no reply to defendant's answer. Thereafter upon defendant's application, under Rule of Civil Procedure 105, the court separately heard the points of law raised by the answer and, on January 10, 1957, adjudged the provisions of Exhibit A constituted a valid legal defense to each count of the petition. January 25, 1957, defendant moved for judgment on the pleadings. March 4, 1957, judgment was rendered thereon, dismissing plaintiff's petition. Plaintiff has appealed.

I. Rule 100, R. C. P., provides if a pleading copies a writing purporting to be signed by an adverse party, such signature shall be deemed genuine unless such party shall deny it and support his denial by his own affidavit. Rule 102, R. C. P., provides every fact pleaded and not denied in a subsequent pleading shall be deemed admitted, with some exceptions not here applicable. Exhibit A and plaintiff's signature thereto, not having been thus denied, are deemed admitted.

II. Defendant's motion, under R. C. P. 222, for judgment on the pleadings and the hearing thereon, apparently covered the same ground as the prior application and hearing for separate adjudication of law points under R. C. P. 105. The order under R. C. P. 105 was a final order which adjudicated in the trial court, that, under the facts pleaded, plaintiff had no right of recovery on either count of his petition. The reconsideration, in the subsequent hearing upon the motion for judg-

ment on the pleadings, of the points of law already adjudicated, was unnecessary.

III. Exhibit A recites plaintiff rents and accepts the equipment and acknowledges it is in good working condition. It states, also:

"I * * * do hereby exonerate, indemnify and save harmless the company from all claims or liabilities to all parties for damage or loss to any person, persons or property in any way arising out of or during the use of said equipment."

The trial court adjudged these provisions constituted a defense to the claim made in Count II of the petition, based upon defendant's alleged negligence. Plaintiff assigns this as error, contending contracts exempting parties from liability for their own negligence are against public policy. Subject to certain exceptions, based upon the public interest, statutory prohibitions, etc., not here present, the rule to the contrary is well settled. Sears, Roebuck and Co. v. Poling, 248 Iowa 582, 587, 81 N.W.2d 462, 465, cites various authorities enunciating the rule, and states: "Indeed the public policy of freedom of contract is best served by enforcing such provision."

Many other decisions of this court are cited and discussed in Fire Association of Philadelphia v. Allis Chalmers Mfg. Co., N. D. Iowa, 129 F. Supp. 335, 350, 351, opinion by Judge Graven. Our decisions accord with the general rule. Santa Fe P. & P. R. Co. v. Grant Bros. Constr. Co., 228 U. S. 177, 188, 189, 33 S. Ct. 474, 57 L. Ed. 787, 793; Aluminum Company of America v. Hully, 8 Cir., 200 F.2d 257, 261, 262; Griffiths v. Henry Broderick, Inc., 27 Wash.2d 901, 182 P.2d 18, 175 A. L. R. 1; Restatement, Contracts, sections 574, 575; Annotation in 46 A. L. R.2d 410, section 3, Limitation of liability.

Plaintiff relies upon statements in Sears, Roebuck and Co. v. Poling, 248 Iowa 582, 588, 81 N.W.2d 462, 465, supra:

"In most cases contract provisions that are subject to construction, which a party claims relieve him from liability for his own negligence, particularly active negligence, are strictly construed against him. * * *

"It is also elementary that an instrument which is subject to construction is construed most strongly against the party who prepared it— * * *."

 The foregoing statements are correct. However, they are expressly limited to instruments and contract provisions which are subject to construction. The text in 17 C. J. S., Contracts, section 294, page 683, states: "A court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language * * *." Here the intention of the parties is expressed in language so clear and unambiguous that the contract is not properly subject to construction. Ortolano v. U-Dryvit Auto Rental Co., Inc., 296 Mass. 439, 440, 6 N.E.2d 346, is directly in point. The instrument signed by that plaintiff recited he had examined the automobile rented from defendant and it was in good condition and that in case of injury to any person he would pay all damage, not covered by the statutory insurance, which the lessor might pay as a result of said injury. The opinion states:

"It seems to us to have been the plain intent of this agreement to shift the entire burden of accident, in so far as not covered by insurance, to the plaintiff. * * * This provision would require the plaintiff to repay to the defendant any sum which the defendant might be required to pay as a result of injury to the plaintiff. Its effect is to bar recovery by the plaintiff."

The Ortolano case serves also to answer plaintiff's contention that Exhibit A was merely a receipt or token and not a contract. Exhibit A is clearly contractual and purports to set out the entire agreement between the parties. We hold the trial court correctly adjudged its provisions constituted a defense to Count II of the petition which was based upon defendant's alleged negligence.

 IV. The foregoing conclusions apply also to Count I of the petition which is based upon the breach of an alleged express, oral warranty by defendant that the power mower was in a proper and safe condition and that plaintiff could safely use it to mow his lawn. Furthermore, the pleadings show the parties adopted Exhibit A as the final and complete expression of the agreement between them. Plaintiff does not plead fraud, duress, mistake or state any reason for the noninclusion in Exhibit A of the alleged warranty. In the language of Restatement, Contracts, section 237, this integration of the "agreement makes inoperative to add to or to vary the agreement all contemporaneous oral agreements relating to the same subject matter; * * *."

**516**

City of Des Moines v. City of West Des Moines, 244 Iowa 310, 314, 315, 56 N.W.2d 904, 906, 907, states: "The rule is not one of evidence but of substantive law. The reason for the rule has been said to be that as the parties have made the writing the memorial of their understanding, it constitutes the agreement as a matter of law and nothing may be added to it or substituted in its stead."

Several authorities are cited in support of this conclusion.

Moreover, Exhibit A recites plaintiff acknowledges the mower is in good working order and agrees to exonerate, indemnify and save harmless, defendant from all claims arising out of its use. The alleged oral warranty not only would add to the written agreement but also would contradict some of its provisions. The determination of the trial court that the provisions of Exhibit A constituted a valid legal defense to Count I of the petition was correct.

In this court plaintiff contends he was entitled to recover on the theory of implied warranty and also that defendant's alleged oral representations were fraudulent. It is a sufficient answer that neither contention was pleaded.—Affirmed.

All JUSTICES concur except SMITH, J., who takes no part.