GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., Plaintiff-Appellant,

v.

SMITH AND OBY COMPANY, Defendant-Appellee.

GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., Defendant-Appellant,

v.

SMITH AND OBY COMPANY, Plaintiff-Appellee.

Nos. 13780, 13781.

United States Court of Appeals Sixth Circuit.

Feb. 20, 1960.

R. Crawford Morris of Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for appellant.

Michael R. Gallagher, Thomas A. Dugan, of Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, for appellee.

Before SIMONS, MARTIN and CECIL, Circuit Judges.

PER CURIAM.

Counsel for the appellee have filed a petition for rehearing in these cases based on two grounds.

The first is that "The decision of the Cuyahoga County Court of Appeals in the case of General Accident and Life Assurance Corporation, Ltd. v. Ingalls, 10 Ohio Law Abst. 312, 34 Ohio Law Rep. 556 (1931), is directly in point and dispositive of the instant case in favor of the appellee." It is claimed that this case is "controlling authority".

The theory counsel deduce from this case was not discussed in the original brief. This basis for the rehearing might therefore be disregarded. Kahn v. United States, 6 Cir., 20 F.2d 782; Grand Trunk Western R. Co. v. H. W. Nelson Co., Inc., 6 Cir., 116 F.2d 823; National Labor Relations Board v. Kentucky Utilities Co., 6 Cir., 182 F.2d 810.

Nevertheless we will briefly discuss the point. We consider that the case cited by counsel in support of their claim for rehearing is in no way applicable to questions presented in these cases. There was no indemnity agreement either express or implied between Kroger, the insured, and the owner of the building whom the insurance company sued under its alleged right of subrogation.

The Court cited George H. Dingledy Lumber Co. v. Erie R. Co., 102 Ohio St. 236, 131 N.E. 723, from which is taken the doctrine that indemnity contracts, to relieve one from the results of his failure to exercise ordinary care, must be "expressed in clear and unequivocal terms."

We hold that the language of the indemnity agreement in the cases before us was expressed in such terms.

We reviewed all of the Ohio cases applicable to the questions involved and decided these cases under the law of Ohio. The indemnity provision of the subcontract was discussed in our opinion. This gave the general contractor a cause of action against the subcontractor which could be and was assigned by the general contractor to its insurance carrier. The insurance contract provided: " * * * the company shall be subrogated to all the insured's rights of recovery therefor against any *person* or *organization*, * * *." (Emphasis added.)

We find no merit in this new contention of counsel that would warrant a change in our decision as expressed in the opinion of the Court.

The second ground of counsel's petition for rehearing is that the Court erred in allowing attorneys' fees to the appellant. That question was discussed in the opinion and we find no convincing argument to justify a change in our decision.

The petition for rehearing is hereby denied.