In re Estate of Marvin A. McClintock, deceased.

Kenneth Brinker, appellee, v. Marvin A. McClintock Estate and Maxine McClintock, administratrix, appellants.

No. 50804.

(Reported in 118 N.W.2d 540)

December 11, 1962.

Bernard L. Willis, of Lake City, and Chas. E. Hird, of Jefferson, for appellants.

Thomas L. McCullough, of Sac City, and John H. Mitchell, of Fort Dodge, for appellee.

PETERSON, J.—On May 22, 1960, Kenneth Brinker and Marvin A. McClintock had an intersection collision on a country road in Sac County. Each was driving his own automobile. Both parties were seriously injured. Mr. Brinker recovered. Mr. McClintock died.

An estate was opened for Mr. McClintock in Calhoun County where he lived. His widow, Maxine McClintock, was appointed administratrix.

Mr. Brinker filed a claim for damages in the amount of $60,000 in the estate, attaching to the claim a petition at law. Mrs. McClintock on behalf of her deceased husband filed a counterclaim for $75,000. Shortly prior to the trial of the case the McClintock insurance company paid Mr. Brinker $15,000 in full settlement of the claim for damages.

The trial court held the payment of the $15,000 to plaintiff, and his execution of release and dismissal with prejudice, settled all matters between the parties as to claim for damages by either party against the other, and dismissed the counterclaim. The administratrix appealed.

I. The release and dismissal signed by Mr. and Mrs. Brinker contain the provision involving the one question at issue herein. It is important and necessary that we quote the documents in full.

## "RELEASE

"We, Kenneth Brinker and Donna M. Brinker, his wife, for the sole consideration of Fifteen Thousand ($15,000.00) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby release and forever discharge the Estate of Marvin A. McClintock, deceased, and Maxine McClintock, Ad-

ministratrix of the Estate of Marvin A. McClintock, deceased, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable, or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person or property of Kenneth Brinker, which have resulted or may, in the future, develop from an accident which occurred on or about the 22nd day of May 1960, in Sac County, Iowa, on a county gravel road at a point approximately three and one-half (3½) miles north of Auburn, Iowa.

"Undersigned hereby declare that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and Donna M. Brinker, wife of Kenneth Brinker, joins herein for the purpose of releasing any claim she may have growing out of the injuries to Kenneth Brinker, including any action for loss of consortium.

"As a part of this Release the above named Kenneth Brinker agrees to dismiss with prejudice his claim for injuries and damages against the estate of Marvin A. McClintock, deceased, and Maxine McClintock, Administratrix of the estate of Marvin A. McClintock, deceased, and Donna M. Brinker, wife of Kenneth Brinker, agrees to dismiss with prejudice her claim against the said estate and the administratrix thereof, both now pending in the District Court of Calhoun County, Iowa.

*"This release expressly reserves all rights of the person or persons, firm or corporation, on whose behalf this payment is made and the rights of all persons in privity or in any way connected with them and reserves to them their right to pursue their legal remedies, if any, against the undersigned or those in privity or in any way connected with the undersigned.* [Emphasis supplied.]

"IN WITNESS WHEREOF, we have hereto affixed our signatures on this 6th day of October, 1961.

"/s/ *Kenneth D. Brinker*
Kenneth Brinker
"/s/ *Donna M. Brinker*
Donna M. Brinker"

Duly acknowledged by Mr. and Mrs. Brinker before Thomas L. McCullough, Notary Public.

"Dismissal with Prejudice:

"Comes now Kenneth Brinker, claimant against the estate of the above named decedent and the administratrix thereof, the said claim having been settled by compromise, and dismisses the said claim with prejudice, *reserving, however, all rights of the person or persons, firm or corporation, in whose behalf payment has been made to effect a settlement of said claim, and the rights of all persons in privity or in any way connected with them, reserving to them their right to pursue their legal remedies, if any, against the undersigned or those in privity or in any way connected with the undersigned.* [Emphasis supplied.]
"Dated this 6th day of October, 1961.

"/s/ *Kenneth D. Brinker*
Kenneth D. Brinker
"/s/ *Thomas L. McCullough*
Thomas L. McCullough
Attorney for Kenneth Brinker,
Claimant."

In the release and dismissal signed by appellee he provides in clear and unambiguous language that appellants can proceed with the trial of their counterclaim. Appellee fails to make any satisfactory explanation in support of the decision of the trial court.

We find support for reversal, by implication in one paragraph appearing in Brown v. Hughes, 251 Iowa 444, 448, 99 N.W.2d 305, 307, analyzing Mensing v. Sturgeon, 250 Iowa 918 97 N.W.2d 145.

The statement is: "* * * the Mensing case decides that one who has been involved in an automobile collision in which both parties suffer injuries, and who elects to settle the opposing claim and to buy a release from the other party will thereby be held to have elected to compromise the entire controversy, *absent any reservation of right to sue on his own claim.*"

This clearly implies if there had been a reservation permitting action by Mensing, his case would not have been dismissed. Present in the case at bar is the reservation, both in the release and dismissal.

Outside of said implication we find no definite precedent. This is, therefore, a case of first impression as to the question involved.

II. Appellee cites only three cases in support of the trial court's decision: Weik v. Ace Rents, 249 Iowa 510, 87 N.W.2d 314; Mensing v. Sturgeon and Brown v. Hughes, both supra. The facts in these cases are not comparable to those in the instant case.

Weik v. Ace Rents, supra, is not similar to the instant case. Plaintiff rented a power mower from defendant. He signed an agreement that he accepted the mower "as was" and agreed to hold defendant harmless as to any injuries or damages arising through its use. Plaintiff was hurt by the mower and sued defendant. We held the agreement completely protected defendant, and plaintiff had no cause of action.

Mensing v. Sturgeon, supra, involved a collision between an automobile owned by defendant, driven by his wife, and a tractor operated by plaintiff. Sturgeon sued Mensing for damages. This was settled by Mensing paying Sturgeon $1000. Sturgeon executed a written release, *but there was no provision in it reserving the right in Mensing to sue Sturgeon as to the collision.*

Mensing did sue, and we held that in the absence of any reservation of right to sue, as in the instant case, the payment by Mensing to Sturgeon settled all matters between the parties growing out of the collision.

Brown v. Hughes, supra, involved a collision between a motorcycle driven by Brown and an automobile operated by Hughes. Brown paid Hughes $300 in full settlement of any

damages suffered by Hughes in the collision. He received a receipt in full for all claims against Brown. *The receipt contained no reservation as to right of Brown to sue Hughes.* Brown did sue him and secured a verdict. Judgment for Hughes notwithstanding verdict in favor of Brown was rendered on the basis that when Brown paid Hughes $300, all damages growing out of the collision were settled as between the parties.

III. Appellants present other reasons for reversal. In view of reversal on the basis above set out, consideration of other reasons is unnecessary.

The case is reversed. Defendants may proceed as to their counterclaim.—Reversed.

All JUSTICES concur except SNELL, J., who takes no part.