Betty Lou EPLEY, Executrix of the Estate of Harvey H. Epley, Deceased, Plaintiff,

v.

S. PATTI CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff,

v.

CARSTENS PLUMBING & HEATING COMPANY and Florence & Hartzell, Inc., Third-Party Defendants.

Civ. No. 877.

United States District Court
N. D. Iowa,
Central Division.

April 7, 1964.

1

**2**

Donald J. Mitchell, John J. Murray, Fort Dodge, Iowa, for plaintiff.

Alan Loth, Fort Dodge, Iowa, for S. Patti Constr. Co.

William S. Burnquist, Fort Dodge, Iowa, for Carstens Plumbing & Heating Co.

Arthur H. Johnson, Fort Dodge, Iowa, Evart Mills, McPherson, Kan., for Florence & Hartzell, Inc.

HANSON, District Judge.

This Memorandum and Order will constitute a ruling upon only one facet of the above entitled case. The case in its entirety arises by reason of an injury and death of an employee in the construction of the Fort Dodge Post Office located at Fort Dodge, Iowa. S. Patti Construction Company was the general contractor, and Carstens Plumbing & Heating Company and Florence & Hartzell, Inc., were among the subcontractors on said project. The injured workman was an employee of Florence & Hartzell, Inc. The decedent is represented by the executrix of his estate, namely, Betty Lou Epley, his wife.

In the first instance, the estate of Harvey H. Epley sued S. Patti Construction Company. S. Patti Construction Company in turn sued its subcontractors, Carstens Plumbing & Heating Company and Florence & Hartzell, Inc. on a third-party complaint. Florence & Hartzell, Inc. also brought suit against Carstens Plumbing & Heating Company on behalf of the estate of Harvey H. Epley and their workmen's compensation insurance carrier.

S. Patti Construction Company has sought contractual and common law indemnity against Carstens Plumbing & Heating Company, one of its subcontractors.

On February 17, 1964, this cause came on for trial. A jury was empanelled, evidence introduced by all parties and the complaint of the plaintiff against S. Patti Construction Company and of Florence & Hartzell, Inc., cross-complainant on behalf of the plaintiff against Carstens Plumbing & Heating Company were submitted to the jury with interrogatories upon which their verdict was returned into open court. The questions of indemnity were withdrawn from the consideration of the jury by the court. The interrogatories permitted the jury either to find against S. Patti Construction Company alone, or against Carstens Plumbing & Heating Company alone, or against both based upon charges of negligence. The jury found both the general contractor, S. Patti Construction Company, and the subcontractor, Carstens Plumbing & Heating Company, guilty of negligence.

The problem now facing the court is the determination of the questions as they relate to indemnity as between S. Patti Construction Company and Carstens Plumbing & Heating Company. The jury has found that Carstens Plumbing & Heating Company and S. Patti Construction Co. were both guilty of negligence and thus are concurrent tortfeasors.

The facts as they relate to the contract of indemnity set out in Exhibit "F" and the facts necessary to the disposition of the questions of indemnity are now by reason of the foregoing trial, in the opinion of this court, without dispute. No one doubts the execution of the contract as Exhibit "F", and no one disputes its provisions. The jury has made its findings as they relate to the negligence of the parties by reason of their answers to the interrogatories based upon the instructions of the court submitted to them. The acts alleged to have caused the damage on which said verdict was based were alleged to have been caused and were caused by an act of an employee or joint employee or invitee of the subcontractor. Except as findings are later herein set out within the conclusions drawn, further findings of fact will not be made.

The court has concluded as a matter of law that S. Patti Construction Company is entitled to full indemnity from Carstens Plumbing & Heating Company both under the contract and by Iowa common law of implied indemnity.

The indemnity agreement between Patti and Carstens reads in part as follows:

9. Carstens "at all times shall supply adequate tools, appliances, and equipment, a sufficient number of properly skilled workmen and * * * materials and supplies * * * to prosecute efficiently and properly said work. (Carstens) shall * * * provide continuous supervision for such work during progress thereof at the job site."

11. (a) Carstens "agrees to protect and indemnify (Patti) against all loss, cost, damage, liability or expense which it may incur or sustain in consequence of any claim of personal injury * * * including death * * * alleged to have been caused by any act or omission of (Carstens), * * * or an agent, employee or invitee of (Carstens)."

Under Iowa law, the contract need not expressly specify that it is intended to indemnify Patti for their own negligence if the clear intent of the language is to indemnify Patti for its own negligence. Weik v. Ace Rents, 249 Iowa 510, 87 N.W.2d 314; Fire Association of Philadelphia v. Allis Chalmers Mfg. Co., 129 F.Supp. 335 (Iowa); Chicago Great Western Ry. Co. v. Farmers Produce Co., 164 F.Supp. 532 (Iowa).

There are a large number of indemnity cases when one considers the cases from all jurisdictions and there are splits of authority among the cases. If only Patti was negligent and Carstens was free from negligence, most of the cases would refuse indemnity. However, there are several that would still allow indemnity. See W. B. Fosson & Sons v. Ashland O. & R. Co., Ky., 309 S.W.2d 176; Metropolitan Paving Co. v. Gordon H. & A., 66 N.M. 41, 341 P.2d 460. In this case, Patti was not solely negligent and Carstens was not free from negligence.

Where both the indemnitee and the indemnitor are concurrently negligent, most of the cases allow indemnity. Chicago Great Western Ry. Co. v. Farmers Produce Co., supra. The rule is clearly set out in Sinclair Prairie Oil Co. v. Thornley, 127 F.2d 128 (10th Cir.):

"The contractor was required to carry various kinds of protective insurance. He then agreed to assume liability for all such claims, that is, claims for workmen's compensation, employers' and public liability, and to hold the company free, clear and harmless from such claims. This is a provision generally found in

such contracts, and the natural import thereof is that the contractor will so carry on his operation that no liability therefrom will attach to the other party. We can read nothing into the contract that would require Engle to indemnify Sinclair against liability from its own negligence unless negligence on the part of Engle concurred with the negligence of Sinclair.

"Whether Engle was guilty of negligence which concurred with the negligence of Sinclair and proximately caused the injury raised a question of fact to be determined by the jury."

Almost the same thing is stated in National Transit Co. v. Davis, 6 F.2d 729 (3rd Cir.):

"If the contract be construed and enforced in the light of the situation actually in view of the contracting parties, to wit, the normal continued operation of the road with the human and usual incident of occasional negligence of railroad employees and the consequent dangers resulting from flooding its tracks with oil, then we effect the purpose of the parties when we hold the indemnifying clause of the contract covered a situation where the transit company's escaped oil was the real cause of damage to third parties although incident thereto was the concurring element of that negligence of its employees incident to the usual operation of railroads."

Other cases supporting this rule are: Ohio Oil Co. v. Smith, 365 S.W.2d 621 (Texas); General Accident Fire & Life Assurance Corp. v. Smith & Oby Co., 6 Cir., 272 F.2d 581, 274 F.2d 819; Aluminum Co. of America v. Hully, 8 Cir., 200 F.2d 257; Metropolitan Paving Co. v. Gordon H. & A., supra, Southern Pac. v. Fellows, 22 Cal.App.2d 87, 71 P.2d 75; W. B. Fosson & Sons v. Ashland O. & R. Co., supra, Russell for Use of Continental Cas. Co. v. Shell Oil Co., 339 Ill.App. 168, 89 N.E.2d 415; Griffiths v. Henry Broderick, 27 Wash.2d 901, 182 P.2d 18.

The issue as to whether or not one of the party's negligence was primary and the other passive or secondary was not submitted to the jury, but the court does not feel that the present case comes within the rule in Horrabin v. City of Des Moines, 198 Iowa 549, 199 N.W. 988, 38 A.L.R. 554 (Iowa). In the present case, Carstens agreed to indemnify Patti for any personal injury liability caused by any act or omission of Carstens' employees. The jury found Carstens was a cause of the injury to Epley. This would clearly mean Patti should be indemnified. If it was not intended to cover the situation where Patti was concurrently negligent, then the contract in this respect would be reduced to being almost meaningless.

In dealing with contractual indemnity, some courts say that whose negligence was primary and whose negligence is passive is of no concern. However, it does seem that some courts have considered this. Carstens cited several cases wherein the indemnitee's negligence concurred with indemnitor's negligence and indemnity was refused. The principal reason the courts seem to give is that the indemnitee was the primary wrongdoer and that the language of the contract did not entitle the indemnitee to be indemnified for their own negligence which was the primary cause of the injury and against the indemnitor who was not primarily negligent. That is not the situation in this case. Carstens under all three of the specifications of negligence submitted to the jury would have to have been found actively and primarily negligent even if Patti was also actively and primarily negligent. The court, accordingly, concludes that Patti should be entitled to be indemnified by Carstens by reason of the contract for indemnification.

Carstens pleaded that Patti created the allegedly dangerous hoist. There is authority that the indemnitee's acquiescence in the dangerous condition will defeat both contractual and common law indemnity, e. g., Pennsylvania Railroad Co. v. Erie Avenue Warehouse Co., 302

F.2d 843 (3rd Cir.). In this case the facts do not come within this doctrine.

■ Patti also claims that it is entitled to common law indemnity from Carstens. Generally, four different situations have been recognized which, if found to exist, will allow one negligent person to be indemnified by another notwithstanding any contract for indemnity:

(1) Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.

(2) Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged. Restatement Restitution, Sec. 90.

(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

(4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged.

The Iowa court has accepted this doctrine of indemnity. See Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N.W.2d 501; Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 51 N.W. 2d 400; Iowa Home Mutual Casualty Co. v. Farmers Mutual Hail Ins. Co., 247 Iowa 183, 73 N.W.2d 22; Franzen v. Dimock Gould & Co., 251 Iowa 742, 101 N.W.2d 4; Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 118 N.W.2d 559.

■ In this case, Patti's liability was solely caused by action at the direction of and in the interest of Carstens and in reliance on Carstens or was solely caused by Carstens breaching a duty owed to Patti when Carstens did not properly supervise the work. Here Blackford v. Sioux City Dressed Pork, Inc., supra, is particularly in point. For these two reasons, Patti should be allowed to recover against Carstens on the theory of common law indemnity.

■ Patti is claiming that it is entitled to reasonable attorney's fees to be paid by Carstens. In Rauch v. Senecal, 253 Iowa 487, 112 N.W.2d 886, the court held that a person does not have a common law right to recover expenses and attorney's fees from a co-defendant or cross-defendant if that person is defending his own act of primary negligence. Failure to warn and failure to inspect are primary acts of negligence. The Rauch case holds that this is so even though the jury finds in fact that the person is not guilty of any primary acts of negligence. Therefore, under the Iowa law, it appears that a person might be able to recover common law indemnity and still not recover attorney's fees. It might depend upon whether primary acts of negligence were alleged.

■ The Rauch case did not cover the issue of contractual indemnity. The indemnity agreement was to include all loss, cost, damage, or liability. There are no Iowa cases on point as to whether or not this type of wording includes attorney's fees. 42 C.J.S. Indemnity § 13 d, p. 586 says:

"As a general rule an indemnitee is entitled to recover, as a part of the damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified, provided that under all the circumstances of the case he acts in good faith and with due diligence in prosecuting or defending such suits."

In B & G Electric Company v. G. E. Bass & Co., 5 Cir., 252 F.2d 698, the same type of language as was used in the indemnity agreement in the present case was held to include attorney's fees. There may be some disagreement among courts as to

the interpretation of indemnity clauses which allegedly allow recovery for attorney's fees, but the agreement in this case does under any reasonable interpretation make Carstens liable for Patti's attorney's fees. However, the defendant Patti has no right to attorney's fees which were incurred in establishing indemnity. General Electric Company v. Mason & Dixon Lines, Inc., 186 F.Supp. 761. A reasonable fee should be allowed for resisting the claim of the plaintiff.

Judgment will accordingly be entered.

It is ordered that the foregoing shall constitute the findings of fact, conclusions of law, and Order for Judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.