Homer MAYHEW, Plaintiff,

v.

IOWA–ILLINOIS TELEPHONE COM-
PANY, Defendant.

IOWA–ILLINOIS TELEPHONE COM-
PANY, Third-Party Plaintiff,

v.

Ben TURNER, Third-Party Defendant.

Civ. No. 6–1585–C–1.

United States District Court
S. D. Iowa, C. D.

Sept. 14, 1967.

Supplemental Opinion Dec. 28, 1967.

------

J. Rudolph Hansen and John A. Mc-Clintock, Des Moines, Iowa, for plaintiff.

Eugene Davis, Des Moines, Iowa, for defendant and third party plaintiff.

Harry T. Watts and Roy W. Meadows, Des Moines, Iowa, for third party defendant.

## MEMORANDUM

STEPHENSON, Chief Judge.

A jury verdict has been returned in this action against the defendant, Iowa-Illinois Telephone Company (Iowa-Illinois), and judgment in the amount of $50,122.51 has been entered thereon in favor of the plaintiff, Homer Mayhew and against said defendant. Iowa-Illinois' motion to set aside the verdict and judgment, or in the alternative for a new trial, has been denied and the Court must now consider Iowa-Illinois' motion for judgment on both counts of its third-party complaint against the third party defendant, Ben Turner.

The plaintiff was at the time of the accident which is the subject of the lawsuit, an employee of the third party defendant Ben Turner. Ben Turner was an independent contractor who had contracted with Iowa-Illinois to dismantle certain telephone pole lines owned by Iowa-Illinois. The plaintiff's injuries were received while he was working as a pole-climber for Ben Turner when, after climbing a pole to dismantle lines thereon, the pole broke beneath him, causing him to fall to the ground. The plaintiff received compensation from his employer, Ben Turner, under the Iowa Workman's Compensation Act, Chapter 85 of the 1962 Code of Iowa. He then brought suit against Iowa-Illinois, the defendant herein, alleging that his injuries were caused by the negligence of Iowa-Illinois. The plaintiff was precluded from suing his own employer, Ben Turner, by the Iowa Workman's Compensation Act, Iowa Code §§ 85.3, 85.20 (1962).[1] Iowa-Illinois denied that it was negligent alleging that the negligence of Ben Turner was the sole proximate cause of the plaintiff's injuries, and then filed a third party complaint against Ben Turner. The third party complaint sought indemnity for all sums which might be awarded in favor of the plaintiff and against Iowa-Illinois, together with all costs and expenses of investigating and defending against plaintiff's claim. Count I of the third party complaint alleged contractual indemnity based on the contract executed between Iowa-Illinois and Ben Turner,

---

1. Section 85.3 provides in part that: * * * it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury.

Section 85.20 provides that: The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury * * *.

Count II alleged indemnity based on the negligent breach of duties owed by Ben Turner to Iowa-Illinois, such duties arising out of the aforementioned contract, and such negligence being primary and active in comparison to the negligence, if any, of Iowa-Illinois which is alleged to have been secondary and passive.

The case was submitted to the jury on special interrogatories. The jury found that Iowa-Illinois and Ben Turner were both negligent and that the negligence of each was a proximate cause of the plaintiff's injuries.[2] The Court must now decide the questions of law presented by Iowa-Illinois' third party complaint against Ben Turner for indemnification.

 Under Iowa law, which is applicable in this case wherein jurisdiction is based on diversity of citizenship, indemnity may be properly recovered against a concurrent tort-feasor when the claim for indemnity is founded upon (1) an express contract, (2) vicarious liability, (3) an independent duty running from the indemnitor to the indemnitee or, (4) active or primary negligence by the indemnitor as compared to passive or secondary negligence of the indemnitee. Iowa Power and Light Company v. Abild Construction Company, 144 N.W.2d 303, 308 (Iowa, 1966) (citing cases). In *Abild* the Iowa Supreme Court points out that of the four enumerated grounds for indemnification the first three are based upon a relationship existing between the indemnitor and indemnitee. The fourth enumerated ground for indemnity (active or primary negligence versus passive or secondary negligence) is based only on common liability arising out of concurrent negligence (of different degrees)

and is barred by the Workmen's Compensation Act, Iowa Code §§ 85.03, 85.20 (1962), in cases where the party from whom indemnification is sought has compensated the plaintiff under said Act. Iowa Power and Light Company v. Abild Construction Company, supra; Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 850–855, 118 N.W.2d 559, 562–565 (1962). Thus, if Iowa-Illinois is entitled to indemnity from Ben Turner such indemnity must arise out of some relationship between Iowa-Illinois and Ben Turner in addition to the fact that they were both negligent and the negligence of each was a proximate cause of the plaintiff's injuries.

Count I of the third party complaint alleges express written contractual indemnity—indemnity based on a contractual relationship between the parties. The contract signed by Ben Turner and Iowa-Illinois whereby Ben Turner agreed to do the work in question contained the following provision:

"It is specifically understood . that in the performance of this work I, (Ben Turner) am to act as an independent Contractor and will, therefore, be under no control or right of control by said company (Iowa-Illinois) or any of its representatives as to the time or manner or method of doing the work except as provided in the foregoing specifications; that any and all persons assisting me in the performance of this work are my employees and not the employees of the Company; *that I am to assume all risks to other property or persons including myself, my employees and others*, and will be obliged to take the usual precautions to guard against the same at all times

---

**2.** The specification of negligence submitted to the jury in respect to the defendant and third party plaintiff, Iowa-Illinois was as follows: "1. In failing to warn plaintiff of the age and condition of the telephone poles and the danger in climbing said poles."

The specifications of negligence submitted as to the third party defendant, Ben Turner, were as follows:

"1. In failing to instruct plaintiff as

to the proper methods and procedures to be followed in dismantling wires from poles and in testing poles for strength before climbing them."

2. In failing adequately to supervise plaintiff in the safe and proper performance of his work.

3. In failing to provide plaintiff with proper equipment for use in the work he was to perform and to instruct him concerning the proper use of same."

*and must reimburse the Company for all damages or costs it may compelled to pay because of the acts or negligence of myself or any one acting directly or indirectly for me;* that I agree to tender to the Company a completed job satisfactory in every respect according to the foregoing specifications, all of which were agreed upon and this contract signed before the work was commenced." (emphasis and parenthesis added).

Iowa-Illinois alleges that the portion of the contract set out above is clear and not ambiguous and that it shows an intention of the parties to contract to indemnify Iowa-Illinois in a case such as is presented here. Ben Turner argues that while the contract indemnifies Iowa-Illinois from all damages it may be required to pay because of the acts or negligence of himself or anyone acting for him, it does not provide indemnity to Iowa-Illinois for the consequences of its own negligence even though the negligence of Ben Turner might have concurred with that of Iowa-Illinois. He concludes, thus, that the contractual provision set out is not applicable in this case which involves the concurrent negligence of both Ben Turner and Iowa-Illinois. In support of this position Ben Turner argues that the contract did not indemnify for *any* negligence, but only the "acts or negligence of myself (Ben Turner) or anyone acting directly or indirectly for me * * *." (parenthesis added.) He also argues that contract provisions that operate to relieve a party from the consequences of its own negligence should be strictly construed. The Court is, however, not persuaded by the third party defendant's argument and is of the opinion that the contract provision set out previously provides for indemnity to Iowa-Illinois under the facts of this case.

It is clear that under the Iowa law a party may contract for indemnity from the consequences of its own negligence. Northern Natural Gas Co. v. Roth Packing Co., 323 F.2d 922 (8th Cir. 1963); Epley v. S. Patti Construction Co., 228 F.Supp. 1 (N.D.Iowa, 1964), rev'd on other grounds Carstens Plumbing & Heating Co. v. Epley, 342 F.2d 830 (8th Cir. 1965); Fire Ass'n of Philadelphia v. Allis Chalmers Mfg. Co., 129 F.Supp. 335, 351–352 (N.D.Iowa, 1955); Weik v. Ace Rents, Inc., 249 Iowa 510, 87 N.W.2d 314 (1958). It is also clear that a court need not resort to a rule of construction, such as that which states that a contract which purports to relieve one of the consequences of his own negligence should be strictly construed against him, where the intent of the parties is expressed in clear and unambiguous language. Northern Natural Gas Co. v. Roth Packing Co., supra; Aluminum Co. of America v. Hully, 200 F.2d 257 (8th Cir., 1952); Weik v. Ace Rents, Inc., supra. In this case Ben Turner contracted to reimburse Iowa-Illinois for all damages and costs it might be compelled to pay because of his acts or negligence. This provision of the contract is not limited to those instances wherein Ben Turner was the only party negligent. In fact, the inclusion of the phrase "*acts or negligence*" indicates that the provision was broad enough so as not to be limited to proof of any negligence at all. In any event, to limit the applicability of the quoted contractual provision to a case in which Ben Turner were the only party negligent would be to construe the provision as having no meaning since even without this provision Ben Turner would be liable to Iowa-Illinois for any damages or costs it may be required to pay because of his sole negligence. The presence of this clause indicates that the parties intended for Iowa-Illinois to have something by it which it would not have had without it. Associated Engineers, Inc., v. Job, 370 F.2d 633 (8th Cir., 1966); Epley v. S. Patti Construction Co., supra. The Court finds that the contract between Iowa-Illinois and Ben Turner, and in particular the portion heretofore set out, provided for indemnification of Iowa-Illinois by Ben Turner for all damages paid to the plaintiff Homer Mayhew and the reasonable costs

of investigating and defending the plaintiff's claim in this case.[3]

The Court's decision in respect to Count I of the third-party complaint relative to contractual indemnity, precludes the necessity of consideration of the claim for quasi-contractual or equitable indemnity raised in Count II of said complaint. Northern Natural Gas Co. v. Roth Packing Co., supra.

## SUPPLEMENTAL MEMORANDUM

After a jury verdict was returned in this matter in favor of the plaintiff, Homer Mayhew, and against the defendant, Iowa-Illinois Telephone Company, the Court filed a Memorandum on September 14, 1967, finding the third party defendant, Ben Turner, bound by express contract to indemnify the defendant and third party plaintiff, Iowa-Illinois. Express contractual indemnity was plead in Count I of the third party complaint. Count II plead non-contractual or equitable indemnity and was not considered by the Court. The above mentioned Memorandum and the Order for Judgment filed the same day are incorporated herein by this reference.

On September 22, 1967, Iowa-Illinois moved the Court to reconsider its decision not to rule on Count II of the third party complaint and requested that the Court defer entry of judgment until Count II was decided. For the reasons hereinafter set out the Court now finds the third party defendant, Ben Turner, liable to indemnify the defendant and third party plaintiff, Iowa-Illinois on the basis of Count II of the third party complaint.

Count II of the third party complaint alleges that under the contract between Ben Turner and Iowa-Illinois, Ben Turner assumed certain duties owing to Iowa-Illinois and that Ben Turner breached these duties running to Iowa-Illinois. Count II of the third party complaint also alleges that the breach of these duties and the negligence of Ben Turner in certain particulars was the primary and actual cause of the injury to the plaintiff, whereas, the negligence, if any, of Iowa-Illinois was secondary and passive. The third party plaintiff is apparently urging two grounds for indemnification under Count II. First, that the third party defendant, Ben Turner, breached a separate and independent duty owed to the third party plaintiff Iowa-Illinois and second, that the negligence of Ben Turner towards the plaintiff, Homer Mayhew, was primary and actual as compared to the secondary and passive negligence of Iowa-Illinois towards Mayhew. In the proper case indemnity would be available on each of these grounds under the law of Iowa. Iowa Power and Light Company v. Abild Construction Company, 144 N.W.2d 303, 308 (Iowa, 1966). However, in cases where the party injured is the employee of the one from whom indemnity is sought, and the Iowa Workmen's Compensation Act (Iowa Code §§ 85.1 et seq. (1962) is applicable, indemnity cannot be based on any theory which relies on common liability to the injured party by both the one seeking indemnity and the one sought to be charged. Iowa Power and Light Company v. Abild Construction Company, supra at 309; Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 850–855, 118 N.W.2d 559, 562, 565 (1962). Therefore, inasmuch as the Iowa Workmen's Compensation Act is applicable in this case, this is not a proper case for indemnity based on primary-actual v. secondary-passive negligence.

Iowa-Illinois cites Blackford v. Sioux City Dressed Pork, Inc., supra, as authority for its right to indemnity on the grounds of a breach by Turner of a duty owing to Iowa-Illinois independent of any duty owing to the plaintiff Mayhew. This duty owed to Iowa-Illinois is claimed to have arisen out of the contract be-

---

3. In respect to the inclusion of the costs of investigating and defending the claim in this case, wherein indemnity is found to exist in contract, see Epley v. S. Pat-ti Construction Co., 228 F.Supp. 1 (N.D. Iowa, 1964), rev'd on other grounds, Carstens Plumbing & Heating Co. v. Epley, 342 F.2d 830 (8th Cir., 1965).

tween Turner and Iowa-Illinois wherein, as between Turner and Iowa-Illinois, Turner undertook exclusive control of all of his employees, and of the work of dismantling the telephone lines in question, the assumption of all risks to persons including Turner's employees and the duty to take the usual precaution to guard against all such risks. In *Blackford,* the Iowa Supreme Court relies on Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) and Palazzolo v. Pan-Atlantic Steamship Corp., 211 F.2d 277 (2d Cir., 1954) for the proposition that a contract for services implies a duty to do the work in a proper and safe manner. The Iowa Court also states that it was the duty of the contractor in the *Blackford* case to see that the work was performed "so that no one was injured." Continuing, the Court states that, "assuming * * * that the original defendant may have been negligent * * * yet the primary duty to see that the work was done safely was upon Langley (the independent contractor) under his contract which impliedly required that care." Blackford v. Sioux City Dressed Pork, Inc., supra, 254 Iowa at 850, 118 N.W.2d at 562. The breach of this duty by the independent contractor, here Turner, is not only the breach of a duty owing to his employees (Mayhew), but also a breach of a duty arising out of the contract between the owner and the contractor and thus the breach of a duty owing to the owner, here, Iowa-Illinois. Indemnity based upon the breach of this implied contractual duty owing to the owner is not founded upon any common liability to the injured party and not, therefore, barred by the common liability rule.

■ In this case Ben Turner acted as an independent contractor completely and absolutely in charge of all operations and all men working on the job. By virtue of the contract between Ben Turner and Iowa-Illinois, Ben Turner had a duty to carry out the dismantling operation in a proper and safe manner. See Blackford v. Sioux City Dressed Pork, Inc., supra. A breach of this duty to Iowa-Illinois would entitle Iowa-Illinois to indemnity against Ben Turner for any damages or costs it might be compelled to pay because of the breach of this duty by Turner. The jury in this case found Ben Turner guilty of negligence which was a proximate cause of the plaintiff's injury. On the basis of this finding and all of the evidence and testimony in the case, the Court now finds that Ben Turner's negligence also constituted a breach of his duty to Iowa-Illinois to carry on the dismantling operation in a proper and safe manner, taking the usual precautions to guard against risk to property or persons.

While the United States Supreme Court has stated that indemnity based upon an implied duty to perform services in a safe and proper manner is indemnity having its basis in an implied contract, Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, 350 U.S. at 133, 76 S.Ct. 232; Furnish, Distributing Tort Liability: Contribution and Indemnity in Iowa, 52 Iowa L.Rev. 31, 41 (1966), the Supreme Court of Iowa has stated "A tort may be dependent upon, or independent of, contract. If a contract imposes a legal duty upon a person the neglect of that duty is a tort founded on contract; so that an action ex contractu for the breach of contract, or an action ex delecto for the breach of duty, may be brought at the option of the plaintiff." Iowa Power and Light Company v. Abild Construction Company, supra, 144 N.W.2d at 314.

■ In this case Count II of the third party complaint is plead as an action for the breach of a duty arising out of a contract. The Court finds that Ben Turner by his negligence breached his duty to Iowa-Illinois and must therefore respond to indemnify Iowa-Illinois for the damages and costs it may be compelled to pay by virtue of the jury verdict in favor of the plaintiff Homer Mayhew and against Iowa-Illinois in this case.