Howard E. LENNON, Plaintiff,

v.

ALUMINUM COMPANY OF AMERICA, Defendant and Third-Party Plaintiff,

v.

J. M. FOSTER CO., Inc., Third-Party Defendant, Third-Party Plaintiff,

v.

DELUHERY ELECTRIC INC., Third-Party Defendant.

Civ. No. 3–674–D.

United States District Court
S. D. Iowa,
Davenport Division.
April 22, 1968.

Thomas F. Daley and J. A. Hellstrom, Davenport, Iowa, for plaintiff.

Robert V. P. Waterman, and Thomas N. Kamp, Davenport, Iowa, for defendant and third-party plaintiff Aluminum Co. of America.

George A. Goebel and Margaret Stevenson and Elliott R. McDonald, Davenport, Iowa, for third-party defendant and third-party plaintiff.

## ORDER

STEPHENSON, Chief Judge.

On February 12, 1968, this Court filed a Memorandum Order in this case holding that the third party defendant, J. M. Foster Co., Inc. (Foster) was not liable to the defendant and third party plaintiff, Aluminum Company of America (Alcoa), for expenses, costs and attorney fees incurred by Alcoa in the defense of the principal case herein, 279 F.Supp. 487. In the principal case the jury found that the defendant Alcoa was not negligent and that the plaintiff was contributorily negligent. After so finding, and in accordance with the instructions of the Court, the jury did not determine the issue of the negligence of third party defendant Foster. Alcoa now moves the Court to make specific findings of fact in regard to its claim that Foster was negligent. Such findings are requested on the grounds that they are necessary in order to interpret the hold harmless agreement between Alcoa and Foster in regard to expenses, costs and

attorney fees incurred by Alcoa in the defense of the plaintiff's case against Alcoa.

The plaintiff's petition herein alleged negligence only on the part of Alcoa. In its Memorandum Order of February 12, 1968, the Court decided that under the contractual provision in force, Foster would not be liable to Alcoa for expenses, costs or attorney fees unless they were incurred in the defense of a claim for loss or damage arising out of the performance of the contract *and* caused by Foster's negligence. Inasmuch as Foster had not been found to have been negligent the Court then ruled that because the plaintiff alleged negligence only on the part of Alcoa, Foster had no duty to defend the plaintiff's claim and could not be required to indemnify Alcoa for its expenses, costs and attorney fees incurred in defending such action. There is no doubt that the plaintiff's allegations are determinative in respect to any claim by the defendant Alcoa against the third party defendant Foster which is based on non-contractual or equitable theories of indemnity or contribution. Elliot Consol. School Dist. v. Busboom, 227 F.Supp. 858 (S.D. Iowa 1964); Rauch v. Senecal, 253 Iowa 847, 112 N.W.2d 886 (1962); see also Leingang v. Bottled Gas Corp., 332 F.2d 959 (7th Cir. 1964). However, indemnity based on contract was not involved in the *Rauch* or *Leingang* cases. If Foster had been found to have been negligent and if such negligence was found to have been the cause of any loss or damage which was the basis of the plaintiff's claim against Alcoa, Foster may be required to indemnify Alcoa for the expenses, costs and attorney fees it incurred by reason of having defended the plaintiff's claim. Mayhew v. Iowa-Illinois Telephone Co., 279 F.Supp. 401 (S.D. Iowa 1967); Epley v. S. Patti Constr'n Co., 228 F.Supp. 1 (N.D. Iowa 1964), rev'd on other grounds Carstens Plumbing & Heating Co. v. Epley, 342 F.2d 830 (8th Cir. 1965). This liability for expenses, costs and attorney fees would not, however, extend to those expenses, costs and fees incurred by Alcoa in establishing its claim for indemnity against Foster. Epley v. S. Patti Contr'n Co., supra at 6. Thus, it appears that before Alcoa can recover its expenses, costs and attorney fees from Foster on the basis of the contract between Alcoa and Foster, it must show that Foster was negligent and that this negligence caused the loss or damage which was the basis of the plaintiff's claim against Alcoa.

The issue of Foster's negligence and the proximate cause thereof, if any, were submitted to the jury as interrogatories 6 and 7 of the special verdicts to be answered by the jury. The jury was, however, instructed that if they found that Alcoa was not negligent, that Alcoa's negligence, if any, was not a proximate cause of the plaintiff's injuries, that the plaintiff was contributorily negligent or that the plaintiff had assumed the risk, they did not need to answer interrogatories 5 through 9. These interrogatories and the instructions included therein were given to the jury without objection or exception by Alcoa. After finding Alcoa not negligent and the plaintiff contributorily negligent the jury did not answer interrogatories 6 and 7 relating to the issue of the negligence of Foster. Alcoa is now in the position of seeking indemnity from Foster which must be based on findings that Foster was negligent and that its negligence caused the injuries that were the basis for plaintiff's suit against Alcoa, after not having objected or excepted to the submission of the case in a manner that permitted the jury to return a verdict without deciding the issue of Foster's negligence. Third party defendant Foster, among other things, urges that since Alcoa failed to request that the jury be required to answer interrogatory No. 4 concerning Foster's negligence, it is now estopped from seeking a court finding on this point. Without determining the estoppel issue, the Court is of the view that the interests of justice will best be served by the Court making a finding as to Foster's negligence.

Upon full consideration of the record herein, the Court finds that it has not been established that defendant Foster was guilty of any negligence which was the proximate cause of plaintiff's injuries.

It is ordered that the Memorandum Order entered herein on February 12, 1968, is amended by adding the following finding:

The Court further finds that it has not been established that third party defendant J. M. Foster Co., Inc. was guilty of any negligence which was the proximate cause of plaintiff's injuries.