**LAVERTY, INC., Appellant,**

v.

**MEL JARVIS CONSTRUCTION CO., INC., Appellee.**

No. 74–1539.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1975.

Decided April 18, 1975.

N. V. Critelli, Jr., Des Moines, Iowa, for appellant.

\* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

John A. McClintock, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH,\* Senior District Judge.

PER CURIAM.

Laverty, Inc. appeals from a summary judgment entered by the United States District Court for the Southern District of Iowa dismissing its action for damages against Mel Jarvis Construction Co., Inc.[1] Laverty sought recovery for the destruction and damage by fire of a large quantity of its corn stored in a grain bin under construction by the defendant contractor. The gist of the action was that defendant's negligence caused the fire. The trial court found as a matter of law that under the contract between plaintiff and defendant for the construction of the bin, defendant was immune from liability in the circumstances alleged.

Article 6, paragraph 2 of the contract, titled *Owner Occupancy*, provides:

> It is further agreed that the Owner [plaintiff] shall have the right to occupy any part of said structure as soon as that portion or portions are substantially completed and ready for occupancy according to the Contractor [defendant] and as long as this occupancy does not interrupt the normal construction procedure. The occupancy of all or any part of said structure is in no way to be considered as evidence of final acceptance of any workmanship or material that the Owner might not feel is in complete accord with the plans and contract; *provided, however, that the Contractor shall not be responsible for the condition of or damage to or loss of commodities stored in the structure either before or after final completion and acceptance of the structure.* [Emphasis added.]

1. Jurisdiction in the district court was founded on diversity of citizenship, 28 U.S.C. § 1332. Both parties have proceeded on the assumption that Iowa law governs the controversy.

The trial court held "that even if the defendant were declared negligent such negligent acts would be within the purview of Article 6, paragraph 2 and any attendant responsibility is absolved thereby."

■ The only question presented is whether the trial court erred in interpreting the emphasized language in the contract as being clearly intended to exempt the defendant from liability even for its own negligence. It is settled in Iowa that, subject to exceptions not applicable here, such a provision is not contrary to public policy. Northern Natural Gas Co. v. Roth Packing Co., 323 F.2d 922, 928 (8th Cir. 1963); Weik v. Ace Rents, Inc., 249 Iowa 510, 514, 87 N.W.2d 314, 317 (1958); Sears, Roebuck & Co. v. Poling, 248 Iowa 582, 587, 81 N.W.2d 462, 465 (1957). "Indeed," the Supreme Court of Iowa has stated, "the public policy of freedom of contract is best served by enforcing such a provision." Sears, Roebuck & Co. v. Poling, *supra* at 587, 81 N.W.2d 465.

■ Plaintiff argues that a contract which is claimed to relieve a party of the consequences of his own negligence should be strictly construed against him. However the courts will not resort to this rule of construction where the intent of the parties is expressed in clear and unambiguous language. Northern Natural Gas Co. v. Roth Packing Co., *supra* 323 F.2d at 926; Mayhew v. Iowa-Illinois Telephone Co., 279 F.Supp. 401, 404 (S.D.Iowa 1967); Weik v. Ace Rents, Inc., *supra* at 515, 87 N.W.2d at 317. Plaintiff concedes that such intent may be found in a provision which does not use the word "negligence." Northern Natural Gas Co. v. Roth Packing Co., *supra* 323 F.2d at 925; Fire Association v. Allis Chalmers Manufacturing Co., 129 F.Supp. 335, 355 (N.D.Iowa 1955); *see* Weik v. Ace Rents, Inc., *supra.*

■ Under the applicable authorities we agree with the trial court that the proviso "that the Contractor shall not be responsible for the condition of or damage to or loss of commodities stored in the structure * * *" is clearly intended to encompass liability of the defendant to plaintiff, even assuming, arguendo, that damage to the stored grain resulted from defendant's own negligence. To hold otherwise would render the clause meaningless. The judgment is

Affirmed.