Howard E. LENNON, Plaintiff,

v.

**ALUMINUM COMPANY OF AMERICA, Defendant and Third-Party Plaintiff,**

v.

**J. M. FOSTER CO., Inc., Third-Party Defendant, Third-Party Plaintiff,**

v.

**DELUHERY ELECTRIC INC., Third-Party Defendant.**

**Civ. No. 3-674-D.**

United States District Court
S. D. Iowa,
Davenport Division.
Feb. 12, 1968.

Thomas F. Daley, Jr., and J. A. Hellstrom, Davenport, Iowa, for plaintiff.

Robert V. P. Waterman and Thomas N. Kamp, Davenport, Iowa, for defendant and third party plaintiff, Aluminum Company of America.

George A. Goebel and Margaret Stevenson and Elliott R. McDonald, Davenport, Iowa, for third party defendant and third party plaintiff, J. M. Foster Co., Inc.

## MEMORANDUM ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court on the motion of the third party plaintiff, Aluminum Company of America (Alcoa) for summary judgment against the third party defendant, J. M. Foster Co., Inc. By this motion Alcoa seeks to recover as damages the expenses, costs and attorney fees incurred by it as a result of its having defended its interest in the principal case herein.

Plaintiff Lennon was injured while working as an employee of Foster, a contractor, on premises owned by Alcoa. Lennon filed a petition in state court against Alcoa alleging that the negligence of Alcoa was the proximate cause of his injuries. After removal to this court, Alcoa tendered the defense of the case to Foster on the grounds that a hold harmless agreement running from Foster to Alcoa provided that Foster would hold Alcoa harmless from all liability arising out of or connected with the performance of the contract under which the work by Foster was being done. Foster agreed to accept the defense of the case on the condition Foster would indemnify Alcoa only for liability arising out of Foster's proven negligence. Alcoa would not accept this conditional agreement and in addition to continuing their own defense, filed a third party complaint against Foster alleging contractual indemnity and equitable or common law indemnity or contribution. In response to special verdicts the jury found that Alcoa was not negligent and in addition that the plaintiff was guilty of contributory negligence. Alcoa then filed the present motion for summary judgment.

■ The hold harmless clause of the contract between Alcoa and Foster provides that:

The Contractor shall save and hold the Owner harmless from and against all liability, claims and demands on account of personal injuries (including death), or property loss or damage to others (including the Contractor and employees and invitees of the Owner and of the Contractor) arising out of or in any manner connected with the performance of this contract, and caused by the negligent or wilful act or omission to act of the Contractor, a subcontractor or materialman hereunder, or the employees or invitees of any of them, and the Contractor shall at his own expense defend any and all actions based thereon and shall pay all charges of attorneys and all costs and other expenses arising therefrom.

Alcoa interprets this clause as providing that Foster must hold Alcoa harmless for liability "arising out of or in any manner connected with the performance of this contract" or "caused by the negligent or wilful act or omission to act of the Contractor" and that Foster must defend all actions based thereon. How-

ever, the contract provides that Foster shall hold Alcoa harmless for loss or damages to others "arising out of or in any manner connected with the performance of this contract, *and* caused by the negligent or wilful act or omission to act of the Contractor" (emphasis added). The Court believes that the parties did not intend by the use of these words to create alternative conditions of indemnity but, rather, Foster agreed to indemnify Alcoa for all loss or damage, and agreed to defend actions, connected with the contract or project which were caused by the negligent or wilful act of Foster or any of its agents or employees as provided. Had Alcoa intended that Foster indemnify Alcoa for the negligence or wilful acts of anyone other than Foster or its agents or employees Alcoa could have used the form of contract used in its contract with C. E. Hully and F. H. Wright as set out in Aluminum Company of America v. Hully, 200 F.2d 257, 258 (8th Cir. 1952). In that case Hully and Wright, d. b. a. Central Asbestos & Supply Company, agreed to hold Alcoa harmless from damages "arising out of or in any manner connected with the performance of this contract, *whether such injury loss or damage shall be caused by the negligence of the Contractor, a subcontractor hereunder, Owner or otherwise*" (emphasis added). In the case now before the Court the language "and caused by the negligent or wilful act or omission to act of the Contractor, a subcontractor or materialman hereunder, or the employee or invitees of any of them" was substituted for the language italicized above. The language used in this case sets out with more particularity the individuals for whose acts the contractor must indemnify the owner. In this respect it is particularly significant that the owner is such an included person under the language found in the *Hully* case but is not included in the contract used in this case and that this is so even though the latter is more specific than the former.

The Court finds in this case that Foster was not bound by the terms of the hold harmless agreement set out herein to indemnify Alcoa for damages or attorney fees, costs or expenses resulting from the defense of an action based on allegations of negligence only on the part of Alcoa. Since the allegations of negligence made by the plaintiff in this case were against Alcoa only, Alcoa cannot recover on the basis of said hold harmless agreement.

■ The Court further finds that under the circumstances of this case Foster is not liable to Alcoa for attorney fees, expenses or costs based on the theory of non-contractual common law or equitable indemnity or contribution. The Iowa case, Rauch v. Senecal, 253 Iowa 487, 112 N.W.2d 886 (1962), holds at 493, 112 N.W.2d 889, that "a defendant who successfully defends against his own primary negligence, in part at least, may not recover his expenses as indemnity against a co-defendant who is found liable for negligence. This is so even though some charges of negligence were made, and defended, to which the liability of the first defendant was secondary only to that of the second defendant." Further, it is the plaintiff's allegations of negligence that are determinative in respect to which party is charged with negligence and whether the defendant Alcoa defended against its own negligence or that of the third party defendant Foster. Rauch v. Senecal; see also, Leingang v. Bottled Gas Corp., 332 F.2d 959 (7th Cir. 1964). Since Alcoa was the only party charged with negligence by the plaintiff and was defending its own alleged acts of negligence, Foster is not liable to Alcoa for attorney fees, costs or expenses based on any theory of non-contractual indemnity or contribution.

It is Ordered that defendant and third party plaintiff Aluminum Company of America's *motion for summary judgment* on its third party complaint against J. M. Foster Co., Inc., be and the same is hereby denied.