**ODD BERGS TANKREDERI A/S as Owner of the M/S KOLLGEIR, Plaintiff-Appellee,**

v.

**S/T GULFSPRAY, her engines, tackle, appurtenances and Gulf Oil Corporation, Defendants-Appellants.**

No. 79–4034.

United States Court of Appeals, Fifth Circuit.
Unit B

July 13, 1981.

Ulmer, Murchison, Ashby & Ball, Stanley R. Wright, Jacksonville, Fla., for defendants-appellants.

Toole, Taylor, Moseley & Joyner, Almer W. Beale, II, Jacksonville, Fla., for plaintiff-appellee.

Before TUTTLE, RONEY and VANCE, Circuit Judges.

RONEY, Circuit Judge:

This appeal presents an issue of first impression in this Circuit: under admiralty law, is a joint tortfeasor entitled to contribution from another tortfeasor for attorney's fees and legal costs incurred in defending an action brought by an injured party, in addition to the admitted right to contribution for the damages paid. We affirm the district court's decision that such defense expenses are not recoverable in contribution.

After a 1974 collision in the St. John's river between Gulf Oil Corporation's S/T GULFSPRAY and the M/S KOLLGEIR, owned by Odd Bergs Tankrederi, numerous injured seamen sued Gulf Oil. The suits, in which Tankrederi was not involved, were resolved by settlement or judgment, resulting in payments by Gulf of about $120,000 in damages.

As part of the present action between the two for collision loss, Gulf asserted a claim against Tankrederi for contribution. The parties agreed on a 70%–30% division of all damages, including those paid by Gulf to the seamen. They agreed, however, that attorney's fees and legal costs incurred in defense of the seamen's actions would be included in the settlement only if Gulf was held to be entitled to contribution for them as a matter of law.

The district court held as a matter of law that such attorney's fees and costs are not recoverable in contribution. Gulf appeals from this ruling.

A right of contribution among joint tortfeasors has long been recognized in admiralty law. *See, e. g., United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); *Cooper Stevedoring Co. v. Fritz Kopke, Inc.,* 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974). A joint tortfeasor sued separately by the injured party may seek contribution from other tortfeasors either by impleading them as third-party defendants if personal jurisdiction may be obtained, or by proceeding against them in a separate action. *See, e. g., Odette v. Shearson, Hammill & Co.,* 394 F.Supp. 946 (S.D.N.Y.1975) (third-party complaint); *Traveler's Insurance Co. v. United States,* 283 F.Supp. 14 (S.D.Tex. 1968) (separate action). *See generally* 18 Am.Jur.2d *Contribution* §§ 70–81 (1965).

In cases where contribution has been allowed for *damages,* both admiralty and nonadmiralty, courts have generally denied a right to contribution for attorney's fees and expenses incurred in defense of the action brought by the injured party. *See Leingang v. Bottled Gas Corp.,* 332 F.2d 959, 962–63 (7th Cir. 1964); *Western Tankers Corp. v. United States,* 387 F.Supp. 487, 492 (S.D.N.Y.1975); *Lennon v. Aluminum Co. of America (Alcoa),* 279 F.Supp. 487, 489 (S.D.Iowa 1968); *McMahon v. Weesner,* 254 F.Supp. 839, 842 (S.D.Fla.1966); *Epley v. S. Patti Construction Co.,* 228 F.Supp. 1, 5 (N.D.Iowa 1964), *rev'd on other grounds,* 342 F.2d 830 (8th Cir. 1965); *Sinclair Oil & Gas Co. v. Brown,* 220 F.Supp. 106, 111 (E.D.Okl.1963). *See generally* 18 Am.Jur.2d *Contribution* § 18 (1965).

The decisions are reasoned on the theory that the joint tortfeasor is defending against charges of its own negligence for which it could be held liable, thus incurring expenses that would be necessary even if there were no other tortfeasors. This reasoning is applicable here. It is clear that in the seamen's actions, Gulf Oil was defending solely against charges of its own negligence. The seamen did not allege negligence on the part of Tankrederi or attempt to bring the latter into their actions. Gulf's defense, then, was strictly for its own benefit. At most, Tankrederi benefited indirectly in the sense that Gulf's defense may have served to reduce the amount Tankrederi was required to contribute because of favorable settlements or judgments. Yet, neither Tankrederi's negligence nor ultimate liability was litigated in the seamen's actions. As a matter of fact, it is not unlikely that one in Gulf's situation would attempt to show in the seamen's suits that the non-present shipowner was entirely at fault for the collision.

Although not claiming that Tankrederi is an indemnitor, Gulf relies by analogy on the general rule that under admiralty law an indemnitee is entitled to recover from the indemnitor attorney's fees and costs incurred in defending an action brought by the injured party. *See, e. g., Dow Chemical Co. v. Barge UM–23B*, 424 F.2d 307, 311–12 (5th Cir. 1970); *Lusich v. Bloomfield Steamship Co.*, 355 F.2d 770, 776 (5th Cir. 1966). *See also E. C. Ernst, Inc. v. Manhattan Construction Co.*, 551 F.2d 1026, 1037–38 (5th Cir. 1977), *cert. denied*, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978) (same rule in nonadmiralty cases).

■ There are important distinctions between indemnity and contribution, however, that make these cases inapplicable. As the Supreme Court has recognized: "[R]ecovery of contribution between joint tortfeasors and recovery of indemnity . . . proceed on two wholly distinct theories and produce disparate results." *Italia Societa v. Oregon Stevedoring Co.*, 376 U.S. 315, 321, 84 S.Ct. 748, 752, 11 L.Ed.2d 732 (1964). The right to indemnity generally arises from a contractual or legal duty the indemnitor owes the indemnitee. The indemnitee's liability to the injured party is normally the result of the act of the indemnitor, who bears ultimate liability for the entire loss. *See, e. g., Symons v. Mueller Co.*, 526 F.2d 13 (10th Cir. 1975); *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir. 1973). *See generally* Prosser, *The Law of Torts* § 51 (1971).

Since the indemnitee is required to defend an action by an injured party because of the wrongdoing of the indemnitor and the indemnitor will be liable for any judgment, it is reasonable to require the indemnitor to bear the legal expenses necessarily incurred in that defense. *See Dow Chemical Co.*, 424 F.2d at 311–12. Moreover, an indemnitor, if "vouched in" by the indemnitee, may appear and defend the action rather than rely on the indemnitee's efforts. *See, e. g., Humble Oil & Refining Co. v. Philadelphia Ship Maintenance Co.*, 444 F.2d 727, 735 n.14 (3d Cir. 1971); *West Indian Co. v. S. S. Empress of Canada*, 277 F.Supp. 1 (S.D.N.Y.1967). *See generally* 3 *Moore's Federal Practice* ¶ 14.02[1] (1980). The indemnitor may not evade the costs of the defense by permitting the indemnitee to continue to represent its interests in the action.

■ Contribution, on the other hand, is based on the equitable theory that even though a wrongdoer may be liable for damages to the injured party, it should not have to bear the entire amount of damages when others are partly at fault. *See, e. g., Symons v. Mueller Co.*, 526 F.2d 13, 16 (10th Cir. 1975); *Newport Air Park v. United States*, 419 F.2d 342, 346 (1st Cir. 1969). *See generally* Prosser, *The Law of Torts* § 50 (1971). Thus a tortfeasor defends against claims of its own negligence rather than the negligence of others, and it will benefit directly from the defense. It would incur the same legal expenses whether or not other parties were partly at fault for the loss and whether or not these other tortfeasors were in the action defending against claims directed against their own negligence.

This difference was noted in *Leingang v. Bottled Gas Corp., supra*. In that case, the Seventh Circuit was faced with a settlement entered into by the parties which resolved all claims other than the prorated recovery of attorney's fees incurred by the defending tortfeasor. In denying recovery, the court held the tortfeasor was defending against its *own* part in the tortious incident rather than against any negligence on the part of the other tortfeasor. The court stated the general rule as follows:

> [I]f a party is obliged to defend against the act of another, which involves *no misfeasance on his part*, he may demand that the other defend the suit, and if the other fails to defend and is liable over, he is liable for all reasonable and necessary expenses incurred in such defense. On the other hand, if such party *is defending in part his own tort*, he cannot claim indemnity from another who is also guilty or claimed to be guilty of tortious conduct.

332 F.2d at 962–63 (emphasis in original). *See also Lennon v. Alcoa, supra*, 279 F.Supp. at 489.

There may be situations where the indemnitor has contractually agreed to indemnify the indemnitee even though the latter was partly or wholly at fault for the loss. *See, e. g., United States v. Seckinger,* 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970); *Bland v. L'Enfant Plaza North, Inc.,* 473 F.2d 156 (D.C.Cir.1972); *Jacksonville Terminal Co. v. Railway Express Agency, Inc.,* 296 F.2d 256 (5th Cir. 1961), *cert. denied,* 369 U.S. 860, 82 S.Ct. 949, 8 L.Ed.2d 18 (1962). Even in these situations, however, while the indemnitee may be defending the suit by the injured party because of its own wrongdoing, the defense is solely to the benefit of the indemnitor, who has assumed the ultimate liability. It may therefore be reasonable to require the indemnitor to assume the defense costs in these situations as well, although we do not decide the issue at this time.

■ Consistent with the view of other courts which have addressed the issue, we hold attorney's fees and legal costs incurred by the defending tortfeasor not recoverable in contribution from the other negligent parties. Of course, this holding does not limit the ability of tortfeasors to prorate these expenses by express agreement. In this case, however, Gulf and Tankrederi specifically provided in their settlement agreement that contribution for legal expenses would depend upon whether, as a matter of law, defense fees and costs incurred in defending personal injury actions are assessable as an element of damages in proportionate fault collision cases.

AFFIRMED.