SEAL OFFSHORE, INC. and Sealcraft Operators, Inc., Plaintiffs,

v.

AMERICAN STANDARD, INC., Westinghouse Air Brake Co., and Wabco, Inc., Defendants-Third Party Plaintiffs-Appellees Cross-Appellants,

v.

E.F. HOUGHTON, Third Party Defendant-Appellant Cross-Appellee.

No. 85–2178

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1985.

Denis V. Brenan, Philadelphia, Pa., for E.F. Houghton.

James D. Wise, Houston, Tex., for American Standard, et al.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

## I. FACTS

Seal Offshore, Inc., and SealCraft Operators, Inc. ("Seal") instituted this action against American Standard, Inc. ("American"), Westinghouse Air Brake Co. ("Westinghouse"), and Wabco, Inc., after Seal's vessel ran into a dock in Galveston, Texas. Seal alleged that the vessel's throttle system, manufactured by Wabco, proximately caused the allision. Following a non-jury trial, the district court found that a defective inlet valve manufactured by E.F. Houghton ("Houghton") and incorporated into Wabco's throttle control caused the control to fail.

The district court awarded damages to Seal and against Wabco because Wabco's negligence was a proximate cause of the allision. Although Seal did not sue Houghton, Wabco filed a third-party complaint against it and alleged an indemnity theory based in part on provisions in Wabco's inlet valve purchase agreement with Houghton. The trial court held that Wabco could recover from Houghton on both contractual and indemnity theories.

On appeal, this Court affirmed the judgment in favor of Seal but reversed the judgment in favor of Wabco against Houghton to the extent that Houghton was required to indemnify Wabco. *Seal Offshore, Inc. v. American Standard, Inc.*, 736 F.2d 1078 (5th Cir.1984) (holding that the indemnification clause of Wabco's purchase order for the Houghton valve did not indemnify Wabco for its own negligence and indemnity cannot be implied). This Court also remanded the case for the district court to apportion damages between Wabco and Houghton.

On remand, the district court found Houghton eighty percent at fault for damages sustained by Seal. The district court found that Houghton, who had developed the valve material's formula and kept it as a trade secret, negligently designed and failed to examine the material after receiving notice from Wabco that Houghton's valves were "softening," which indicated decomposition. Responding to this Court's notation of ambiguity in the district court's earlier findings, 736 F.2d at 1083, the district court found that "Houghton's failure to investigate the problem and to advise Wabco of its manufacturing defect [constituted] a proximate cause of the allision." Record Vol. 1 at 58.

The district court also found that because Wabco incorporated the valve into its throttle assembly, Wabco was secondarily liable and thus responsible for twenty percent of the damages. The district court determined that Wabco placed the valve into the stream of commerce, intended it to be used in marine applications, and failed to inspect and test the valve in the face of customer complaints about it. According to the district court, Wabco also was negligent for relying on Houghton's assurance that the valve deterioration was due to outside influences.

Finally, the court found Houghton liable for eighty percent of the prejudgment interest and costs owed to Seal by Wabco.[1] Houghton timely appealed the judgment entered against it.

By letter dated July 10, 1985, Seal informed the Clerk of this Court that American Standard, Inc., Westinghouse Air Brake Co., and Wabco have paid the entire judgment. Consequently, Seal is no longer a party to this appeal, and Houghton remains as the appellant challenging the award against it in favor of the "twenty percent" appellees. Also, for the purposes of this litigation, all of the appellees can be considered as a single entity ("Wabco").

---

1. The district court entered judgment in favor of Seal and against both Wabco and Houghton, notwithstanding the fact that Seal never sued Houghton. In response, Seal moved to amend the final judgment to have it entered in favor of Seal and against only Wabco, American, and Westinghouse, who in turn could pursue Houghton for eighty percent of the judgment. The "twenty percent" defendants opposed Seal's motion. In its amended final judgment the district court again held that Seal could recover against both the twenty percent defendants and Houghton.

**1044**

## II. DISCUSSION

### A. *Damages Apportionment*

Houghton challenges the apportionment of fault made by the district court. Citing *Watz v. Zapata Off-Shore Co.*, 431 F.2d 100 (5th Cir.1970) (hoist assembler was entitled to fifty percent indemnity awarded against load chain manufacturer where manufacturer was guilty of negligence in furnishing defective chain and assembler both failed to test it and placed hoist with defective chain in commerce), Houghton argues that Wabco at least was equally at fault with Houghton and that this demands, at a minimum, an equal apportionment of damages.

The district court's findings cannot be set aside unless clearly erroneous. *Canal Barge Co. v. China Ocean Shipping Co.*, 770 F.2d 1357, 1362 (5th Cir.1985); *Thomas v. Express Boat Co.*, 759 F.2d 444, 447 (5th Cir.1985). As stated in *Anderson v. City of Bessemer City*, —— U.S. ——, ——, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985):

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*See also In re Magnolia Towing Co.*, 764 F.2d 1134, 1139 (5th Cir.1985). For Houghton to make its showing, this Court must be left with a "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ This Court has carefully considered the record in this case, and two permissible views of the evidence are readily apparent. Consequently, the district court's apportionment of damages is not clearly erroneous. On the one hand, it is possible to conclude, as did the district court, that Houghton's valve suffered from a deficient manufacturing process and that, notwithstanding the poor selection of rubber compound by Wabco, Houghton is mostly responsible for the valve's defective condition at the time Wabco's throttle system failed, causing the allision in this case. Conversely, it is likewise possible to conclude, as Houghton argues, that Houghton was simply furnishing a part pursuant to Wabco's specifications, was not sufficiently informed of the valve's ultimate use and subsequent complaints received by Wabco, and thus, is now shouldering an unfair portion of the liability.

So long as either view of the evidence is permissible, and this Court concludes that it is, then "the factfinder's choice between them cannot be clearly erroneous." *Anderson*, —— U.S. at ——, 105 S.Ct. at 1512. This aspect of the district court's judgment is affirmed.

### B. *Prejudgment Interest*

Houghton next argues that it should not be held liable for eighty percent of the prejudgment interest owed to Seal by Wabco. This includes interest from April 1980 for repairs to Seal's vessel and from Seal's December 1981 payment to the dockowner for allision-related dock repairs.

Specifically, Houghton argues that it is not responsible for its proportionate share of prejudgment interest because Seal never directly sued Houghton and Wabco failed to invoke Fed.R.Civ.P. 14(c), which would allow a judgment directly against Houghton in favor of Seal.[2] *See supra* note 1, at 4. Additionally, Houghton argues that because Wabco controlled the course of the litigation with Seal and, as a result, made all the litigational decisions, it would be unfair to make Houghton responsible for interest that accrued as a result of those decisions. In light of these facts, Houghton argues, the district court erred in finding Houghton liable for the payment of its percentage of the prejudgment interest awarded to Seal.

---

**2.** Wabco's later attempt to do so was denied by    the district court.

The general rule in admiralty is to award prejudgment interest in order to fully compensate the plaintiff from the date of the accident. *United States v. Central Gulf Lines, Inc.,* 747 F.2d 315, 320 (5th Cir. 1984); *Central Rivers Towing v. City of Beardstown,* 750 F.2d 565, 574 (7th Cir. 1984). It is also the rule that the full measure of damages, including prejudgment interest, may be collected from any one joint tortfeasor. *See Central Rivers Towing,* 750 F.2d at 575.

Houghton's contentions essentially ignore the trial court's finding that Houghton's acts and omissions combined with Wabco's to proximately cause the damages in this case. Houghton is a joint tortfeasor, and

> The rule in admiralty is that the plaintiff may recover the full amount of its damages from either of two joint tortfeasors. *See Bangor & Aroostook R. Co. v. Ship Fernview,* 455 F.Supp. 1043, 1065 (D.Maine 1978); *Complaint of Sincere Navigation Corp.,* 447 F.Supp. 672, 674 (E.D.La.1978).

*Central Rivers Towing,* 750 F.2d at 575 (emphasis added). That amount includes prejudgment interest.

■ Seal chose to sue Wabco, which in turn sought contribution from Houghton by instituting its third party action under Rule 14(a) against Houghton. Given the district court's apportionment of fault, Wabco is entitled to contribution from Houghton including the appropriate percentage of prejudgment interest. *Central Rivers Towing,* 750 F.2d at 575–76. It is this entitlement to contribution that controls this issue and not whether Seal sued Houghton directly or whether Wabco successfully invoked Rule 14(c). That Wabco failed in its attempts to amend its complaint under Rule 14(c) and make Houghton directly liable to Seal is, simply, immaterial. Moreover, in order to recover its full measure of damages, Seal was not legally required to sue Houghton directly; nor did it need a direct avenue of recovery against Houghton opened for it by Wabco's invocation of Rule 14(c). Because Wabco has

satisfied Seal's entire judgment, and Wabco is entitled to contribution from Houghton, the district court's result is not lacking legal support.

■ Houghton also argues that it is not liable for a percentage of Duval's damages. Even though Duval (the dock owner) was not a party in this case, its damages in effect became Seal's damages, *see* Record Vol. 12 at 1016–1031; Record Vol. 4 at 813–14, and the district court properly found that Seal could recover those damages from Wabco. Wabco is, in turn, entitled to recover eighty percent of them from Houghton.

Houghton does not now challenge the validity of the Wabco-Seal/Duval settlement, the amount of damages that Wabco agreed Seal and Duval sustained, or the legal basis supporting Wabco's position as a third party plaintiff against Houghton. Nor does it challenge the general rule in admiralty that "prejudgment interest, although within the district court's discretion, should be awarded as a general rule." *Central Gulf Lines, Inc.,* 747 F.2d at 320; *see Central Rivers Towing,* 750 F.2d at 574 (prejudgment interest serves to fully compensate the plaintiff).

Seal therefore was entitled to recover the full amount of its damages, including prejudgment interest, from the tortfeasor it chose to sue—Wabco. Wabco, as a joint tortfeasor who has now paid Seal its judgment, *see infra* note 1, at 8, can, under the proportionate fault rule, *see United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); *Central Rivers Towing,* 750 F.2d at 573–74, obtain contribution from Houghton for the amount it paid to Seal which exceeds Wabco's own liability.

### C. *Costs*

■ Finally, Houghton contends that it should not be liable for Seal's costs incurred while litigating with Wabco. Seal's costs were part of the judgment entered against Wabco, and Wabco is entitled to a pro rata contribution (i.e., eighty percent)

from Houghton under the same reasoning employed in part (B) above. *Cf.* 18 Am Jur 2d *Contribution* § 21 (1985); *Id.,* § 19 (where "the claimant in contribution has paid to discharge the common obligation ... he is entitled to a contribution on the basis of the amount *actually expended* ") (emphasis added).

In support of its argument that it should not bear a proportion of Seal's costs, Houghton cites *Odd Bergs Tankrederi A/S v. S/T GULFSPRAY,* 650 F.2d 652, 653 (5th Cir.1981). *Odd Bergs* held that under the contribution principle a joint tortfeasor (here Wabco) could not recover from another joint tortfeasor (here Houghton) the first joint tortfeasor's litigational costs incurred while it defended itself against a plaintiff's claim. Thus, *Odd Bergs* offers Houghton little support because it supplies no bar to Wabco's recovery of Houghton's share of *Seal's* (the plaintiff's) costs.[3]

### III. CONCLUSION

Houghton correctly points out that Wabco originally sued Houghton under Rule 14(a) and did not succeed in invoking Rule 14(c). Also, Seal alleged no claim against Houghton, as is authorized by Rule 14(a). Thus, the district court's judgment technically is flawed to the extent that it awards judgment to Seal against both Wabco and Houghton. A limited remand for the sole purpose of conforming the judgment to the facts of this case is ordered. This case, as indirectly "adjusted" by Wabco's payment to Seal, now is based on a Rule 14(a) configuration, in that only Wabco can recover from Houghton. Therefore, the judgment of the district court is vacated and the case remanded. The district court is to reenter the judgment in favor of Seal for the full amount due Seal but against only the "twenty percent" defendants. Judgment is to be entered in favor of the "twenty percent" defendants against Houghton for eighty percent of Seal's damages, Seal's prejudgment interest, and Seal's costs.

---

**3.** Houghton does not contest the district court's assessment of *Wabco's* costs against Houghton. *See,* Appellant's Brief at 19–20. Consequently,

For the reasons stated above, the judgment of the district court is

AFFIRMED IN PART;

VACATED IN PART;

AND REMANDED.

this Court expresses no opinion on the correctness of that determination.