FRONING & DEPPE, INC., Appellee,

v.

SOUTH STORY BANK & TRUST
CO., Appellant,

v.

Dan FRONING, Third-Party Defendant.

No. 67139.

Supreme Court of Iowa.

Dec. 22, 1982.

Diane Stahle, Donald A. Wine, and John A. Templer, Jr., of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, and Donald L. Smith of Smith, Nutty, Sharp, Ruigh & Benson, Ames, for appellant.

Barry J. Nadler and D.R. Newbrough, of Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for appellee.

Considered by LeGRAND, P.J., and UH-LENHOPP, HARRIS, McGIVERIN, and CARTER, JJ.

CARTER, Justice.

Defendant South Story Bank and Trust Company appeals from a summary judgment for the plaintiff on defendant's counterclaim for abuse of process.[1] The plaintiff's claim against the bank is in two counts: the first count alleges a conversion by the defendant of checks drawn on plaintiff's bank account totaling $1,229,961.24 which were paid on forged endorsements; the second count alleges that negligence on the part of the defendant in paying these checks caused the plaintiff consequential damages in addition to the funds paid out on the forged instrument. Defendant's counterclaim for abuse of process is based on the contention that plaintiff, in its conversion action, sought to recover more damages than it was legally entitled to recover, that plaintiff knew this to be the case, and that plaintiff acted in this manner in order to intimidate and embarrass the defendant.

Plaintiff's motion for summary judgment, supported by affidavit, asserts that the amount of damages claimed in its conversion action is consistent with the statutory measure of recovery provided in Iowa Code section 554.3419(2) (1981) and was

---

1. The counterclaim also asserted a claim against the plaintiff based on Iowa Code section 524.1609, a criminal statute prohibiting malicious attempts to impugn the financial integrity of a bank. This claim was also defeated in the order granting summary judgment and the defendant makes no effort on this appeal to reverse that portion of the ruling.

based upon advice of counsel given following research of the law. Defendant does not claim that the total amount of the checks alleged to have been converted is inaccurately stated in plaintiff's petition. Rather it contends that plaintiff at all times material knew and should have conceded in its pleadings that its losses had been reduced as a result of transactions between plaintiff and a third person who was the guilty party in regard·to forging the endorsements on the checks. The trial court in ruling on the motion for summary judgment determined that plaintiff had properly pleaded its action pursuant to the statutory measure of damages and that any reduction of that sum as a result of the third party transactions was a matter of affirmative defense. Accordingly, the court held that there was no abuse of process by plaintiff because its use of the legal process was proper in the regular prosecution of the proceedings.

■■■ The standards to be employed in deciding a motion for summary judgment are well established. A summary judgment is properly granted only when there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Drainage District No. 119 v. City of Spencer,* 268 N.W.2d 493, 500 (Iowa 1978). Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Id.* at 500; *Daboll v. Hoden,* 222 N.W.2d 727, 734 (Iowa 1974).

■■ Defendant argues that the trial court's order must be reversed because there is a genuine issue of material fact as to plaintiff's motive or intent in bringing the action. It contends that even if plaintiff's petition was properly pleaded under the usual and ordinary rules of pleading, an abuse of process claim will still lie if the "ulterior motive or purpose" of the action was to intimidate and embarrass defendant. It further asserts that on issues involving state of mind, affidavits of interested parties are not bound to be accepted even if uncontradicted. Even if the defendant is correct with respect to the consideration of

the affidavits, we believe that summary judgment was nonetheless properly granted by the court. In the present case, as in *Brody v. Ruby,* 267 N.W.2d 902, 906 (Iowa 1978), it does not affirmatively appear that plaintiff has made improper use of any process of the court. In denying the abuse of process claim made in *Brody,* we followed the decision rendered in *Holiday Magic, Inc. v. Scott,* 4 Ill.App.3d 962, 969, 282 N.E.2d 452, 456–57 (1972). There the court stated:

> [M]ere institution of a suit or proceeding, even with the malicious intent for motive, does not itself constitute an abuse of process.... [E]ven assuming that these allegations are sufficient properly to allege the existence of an ulterior purpose, there is no allegation regarding any act in the use of process that was not proper in the regular prosecution of the proceeding.

Iowa Code section 554.3419(1) provides in part: "An instrument is converted when ... (c) it is paid on a forged endorsement." Subsection (2) of section 554.3419 provides:

> In an action against a drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument.

The defendant was not the drawee bank on the checks in question, but under the second sentence of subsection (2) the measure of damages is nonetheless presumed to be the face amount of the instruments converted. The defendant has cited no authority nor posed any theory as to why it would be plaintiff's burden to allege facts in reduction of its claim as a result of the third party transactions. Indeed, the nature of these transactions is not explained by defendant nor does the record provide illumination on this point. We find that the pleadings, affidavits, and other matters on file in the present case fail to show that the allegations of plaintiff's petition were other than proper pleading in the regular prosecution of the proceedings in accordance

with Iowa Code section 554.3419(2). Under such circumstances an ulterior motive on plaintiff's part in bringing the action would not be actionable as an abuse of process. The judgment of the trial court is affirmed.

AFFIRMED.