Kevin KORSMO, Plaintiff–Appellant,

v.

WAVERLY SKI CLUB, American Water Ski Association, Dan Coufal and Richard Meyer, Defendants–Appellees,

and

Frank and Ruth Clewell, and Waverly Ski Land, Inc., Other Defendants.

No. 87–1574.

Court of Appeals of Iowa.

Nov. 29, 1988.

Dennis P. Ogden and Roxann Barton Conlin of James, Galligan & Conlin, P.C., Des Moines, for plaintiff-appellant.

Jim D. DeKoster of Swisher & Cohrt, Waterloo, and Ivan J. Ackerman of Engelbrecht, Ackerman & Hassman, Waverly, for defendant-appellee Waverly Ski Club.

Dorothy L. Kelley of Jones, Hoffman & Huber, Des Moines, for defendant-appellee AWSA.

Richard N. Winders of Herrick, Langdon & Landon, Des Moines, for defendant-appellee Coufal.

Timothy W. Hamann of Clark, Butler, Walsh & McGivern, Waterloo, for the defendant-appellee Meyer.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Summary judgment was granted on the ground that plaintiff's suit was barred by a release form he had signed. Plaintiff appeals and contends the summary judgment was erroneous because there are genuine issues of material fact about the meaning, scope, and proper construction of the release. He also contends there are genuine

issues of material fact concerning whether he had knowingly and voluntarily assumed the risks contemplated by the purported release.

Kevin Korsmo entered a water skiing tournament. He signed a standard tournament entry form which contained a clause releasing the sponsors and operators of the tournament from liability for injuries to participants. He did not read the release clause before signing the standard entry form.

During the tournament Kevin was seriously injured in an accident. He later filed the present lawsuit against several defendants, including the two sponsors of the tournament, the owner and driver of the boat, and the owners of the real estate where the accident occurred. The district court granted summary judgment in favor of the sponsors of the tournament and the owner and driver of the boat. The district court held that Korsmo's suit against these defendants was barred by the release form he had signed when he entered the tournament.

Our review of this case is for correction of errors at law. Iowa R.App.P. 4. Findings of fact are binding upon this court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). On appeal, we must determine whether a genuine issue of material fact exists and whether the law was correctly applied. *Froning & Deppe, Inc. v. South Story Bank & Trust Co.*, 327 N.W.2d 214, 215 (Iowa 1982).

The trial court determined that summary judgment was proper due to the exculpatory provisions of the entry form. To reach this conclusion, the trial court first decided that an exculpatory provision in an entry form to a sporting competition is not violative of public policy and may be enforced. This decision has not been challenged on appeal.

I. Plaintiff contends the trial court erred in granting defendants' motion for summary judgment because genuine issues of material fact exist as to the meaning and construction of the standard tournament entry form and reasonable minds could differ on how the document should be construed. Plaintiff claims the language of the entry form is ambiguous and susceptible to more than one construction. Therefore, according to the plaintiff, this question should have been submitted to the jury. We disagree.

The entry form which plaintiff signed contained the following paragraph:

In consideration of your accepting this entry, I hereby, for myself, my heirs, executors and administrators, and/or for the minor for whom I am signing:

1. Release and forever discharge the sponsoring club of the above named tournament, the American Water Ski Association and any television broadcasting or news gathering agency that may be assigned rights to cover the tournament, their agents, servants and all persons connected with these competitions, of and from any and all rights, claims, demands and actions of any and every nature whatsoever that I may have, for any and all loss, damage or injury sustained by me and my equipment, or by the minor for whom I am signing, or by his equipment before, during and after said competitions; ...

Plaintiff claims the mere use of the words "release and forever discharge" makes the form ambiguous. A "release" does not relate to future claims but instead refers to past or existing claims. According to the plaintiff, the most likely meaning of this language in the entry form is to have persons seeking to participate in the tournament release any claims they might presently have relating to prior Waverly Opens before they will be allowed to participate in the present tournament. Furthermore, the use of the words "these competitions" is broader than just this Waverly Open. There is uncertainty at least whether this language includes past Waverly Opens and other American Water Ski Association (AWSA) events or the current tournament. Finally, plaintiff asserts the

clause is ambiguous because it does not release named persons from "negligent acts."

When considering a motion for summary judgment, every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party and a fact question is generated if reasonable minds can differ on how the issue should be resolved. *Northrup v. Farmland Industries, Inc.*, 372 N.W.2d 193, 195 (Iowa 1985). Applying this standard, the trial court correctly found that it cannot reasonably be disputed that the exculpatory language contained in the entry form refers to the competition for which the entry form was submitted.

A release is a contract, and its validity is governed by the usual rules relating to a contract. *Stetzel v. Dickenson*, 174 N.W. 2d 438, 439 (Iowa 1970). In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and, except in cases of ambiguity, this is determined by what the contract itself says. Iowa R.App.P. 14(f)(14). Construction of a contract is the process of determining its legal effect and is always a question of law for the court. *Farm Bureau Mut. Ins. Co. v. Sandbulte*, 302 N.W. 2d 104, 107 (Iowa 1981).

The language of the agreement provides that the participant releases certain persons "from any and all rights, claims, demands and actions of any and every nature whatsoever ... sustained by me ... before, during, and after said competitions." It is clear that the parties intended to be released from any claims arising from participation before, during, or after the Waverly Open for which the entry form was completed. The language is clear; therefore, the intent is determined by what the contract says. The use of the word "release" does not make the clause ambiguous in that release can apply to both existing and future claims. The definition of a release is: "The relinquishment, concession, or giving up of a right, claim, or privilege, by the person in whom it exists or to whom *it accrues*, to the person against whom it might have been demanded or enforced."

Black's Law Dictionary 1453 (4th ed.1968) (emphasis added).

It is also clear that the release applies only to the June 1985 Waverly Open. The trial court determined that "said competitions" can only refer to the reference in the preceding sentence to "the events marked (x) below in the above named tournament." The words "Waverly Open" were filled in the blank marked for the name of the tournament on this AWSA Standard Tournament Entry Form. There is no question that the parties intended to be released from liability in exchange for allowing Kevin Korsmo to participate in the current tournament.

Finally, the release is not ambiguous by virtue of the fact the words "negligent acts" were not used. Under Iowa law, a contract need not expressly specify that it will operate for negligent acts if the clear intent of the language is to provide for such a release. *See Hysell v. Iowa Public Service Co.*, 534 F.2d 775, 785 (8th Cir. 1976), citing *Weik v. Ace Rents Inc.*, 249 Iowa 510, 514–15, 87 N.W.2d 314, 317–18 (1958). The words "any and all rights, claims, demands and actions of any and every nature whatsoever ... for any and all loss, damage or injury" is clearly intended to cover negligent acts. The trial court correctly found the provision to be unambiguous and therefore appropriate for summary judgment.

■ II. Plaintiff contends the trial court erred in granting defendant's motion for summary judgment because a genuine issue of material fact exists on the question whether the broad, general terms of the exculpatory clause included the specific actions that caused the injury. Korsmo sustained injuries when the boat that was towing him made a sharp turn to the left, resulting in the plaintiff being thrown into the shore. Plaintiff asserts this was beyond the contemplation of the parties because the injury did not occur during the actual competition.

The trial court found that plaintiff's accident occurred as the boat was returning him to the head of the course to begin his third attempt at the jump. This accident

clearly fits within the "before, during, or after" language of the release.

The parties need not have contemplated the precise occurrence which occurred as long as it is reasonable to conclude the parties contemplated a similarly broad range of accidents. *Schlessman v. Henson*, 83 Ill.2d 82, 86, 46 Ill.Dec. 139, 141, 413 N.E.2d 1252, 1254 (1980). Accidents while being towed were reasonably contemplated as evidenced by the fact the boat owners and drivers were also released from all claims by the words "all persons connected with these competitions." Turning the boat was a necessary part of the competition and clearly contemplated by the parties.

The trial court correctly distinguished this case from *Arnold v. Shawano County Agricultural Soc'y*, 317 N.W.2d 161 (Wis. App.1982), aff'd 111 Wis.2d 203, 330 N.W. 2d 773 (1983). In *Arnold*, the release applied to injuries that occurred within a "restricted area". The court found that fact issues existed as to whether injuries from negligent rescue operations or improper use of chemicals during rescue operations were within the scope of the release. Korsmo's injuries did not result from rescue operations but occurred during the competition. The trial court correctly found that there was no question of material fact on whether the release included the circumstances surrounding Korsmo's injury.

III. Plaintiff also contends there was a genuine issue of material fact on the question whether plaintiff knowingly and voluntarily assumed the risks contemplated by the purported release. Assumption of risk involves a subjective standard; that is, plaintiff's actual awareness of the risk. *Martin v. Heddinger*, 373 N.W.2d 486, 490 (Iowa 1985). Since no evidence was presented on plaintiff's subjective understanding of the risk, he contends a fact question was created for the jury.

The trial court did not specifically find on the issue of assumption of risk although plaintiff raised the issue in the combined resistance to the motions for summary judgment. The court did discuss issues related to whether we should require a subjective awareness. When the court discussed the issue of public policy, it stated that exculpatory provisions actually promote public interest because without such releases, it is doubtful these events would occur. *Dunn v. Paducah Int'l Raceway*, 599 F.Supp. 612, 613 (W.D.Ky.1984). Public interest is served by allowing the parties the freedom to enter into such agreements. The plaintiff voluntarily entered the competition and was not under any economic or other compulsion to sign the release. *See Schlessman v. Henson*, 83 Ill.2d at 87, 413 N.E.2d 1252, 1254 (1980). Korsmo was twenty-one years of age at the time and is bound by his contractual agreement. We do not agree that plaintiff's lack of actual awareness of the possibility of the injury that occurred would change the result under this clear and unambiguous exculpatory clause. Plaintiff voluntarily entered the contract when he entered the competition. The injuries that occurred were within contemplation of the parties. The trial court correctly applied the law to this case. Summary judgment is affirmed.

AFFIRMED.