# IN THE COURT OF APPEALS OF IOWA

No. 17-1537
Filed August 15, 2018

**ANTONIO SMITH,**
        Plaintiff-Appellant,

**vs.**

**ALL STOR FORT KNOX, LLC,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


        Antonio Smith appeals from the district court's order granting summary

judgment. **AFFIRMED.**



        Larry J. Thorson of Ackley, Kopecky & Kingery, LLP, Cedar Rapids, for

appellant.

        Brian L. Yung of Klass Law Firm, LLP, Sioux City, for appellee.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Antonio Smith (Smith) appeals the district court's grant of summary judgment to All Stor Fort Knox, LLC (All Stor). We hold the district court properly found a contractual release from liability valid and that All Stor was entitled to judgment as a matter of law. We affirm the district court's grant of summary judgment.

## I.    Background Facts and Proceedings

All Stor is a storage unit facility in Cedar Rapids, Iowa. On December 3, 2011, Smith rented a storage unit from All Stor with his sister, signing a rental agreement form. On September 5, 2014, in the office at the All Stor facility, the chair Smith sat in broke, rolled out from under him, or in some other manner resulted in Smith falling to the ground. Smith claims injuries arising from the fall.

On July 15, 2016, Smith brought suit against All Stor, claiming negligence for the condition of the chair and gross negligence under the doctrine of res ipsa loquitur.[1] All Stor filed a timely answer, then on December 12 filed a motion for leave to amend its answer to add the limitation of liability clause as an affirmative defense. Smith then filed an amended petition adding a count for spoliation of evidence in February 2017.

---

[1]  Although not at issue here, we note the doctrine of res ipsa loquitur only raises a general negligence claim, it does not support an inference of gross negligence. Iowa Civil Jury Instructions 700.7; 57B Am. Jur. 2d *Negligence* § 1260 (2018); *see also Feld v. Borkowski*, No. 07-1333, 2008 WL 4525837, at *6 n.2 (Iowa Ct. App. Oct. 1, 2008) (noting res ipsa loquitur does not apply when it is necessary to show gross negligence), *vacated on other grounds by* 790 N.W.2d 72 (Iowa 2010).

On May 22, All Stor moved for summary judgment, claiming the contract prevented the recovery of damages even if All Stor or its agents were negligent. The court granted the motion without a hearing. Smith appeals.

## II.  Contract Provision

The rental contract for the storage unit included a limitation of liability provision as follows:

> 6.  **LIMITATION OF LIABILITY.**  Tenant acknowledges and agrees that Lessor shall have no liability, waives all claims and forever releases Lessor and its owners, employees and agents from any and all claims, damages, liabilities, lawsuits, costs or expenses, including attorneys' fees, for any personal injury or other property loss arising from or related to the use of the Unit or the Facility, and from any and all other causes whatsoever, including but not limited to, burglary, fire, water, wind, rodents, acts of God, causes beyond Lessor control, negligence, gross negligence, willful acts of Lessor, and other acts or omissions of Lessor or its employees or agents.

The final paragraph of the contract defines Tenant as "Tony Smith"; Lessor as "All Stor Fort Knox, LLC"; Unit as the storage unit rented by Smith; and Facility as the address listed on the contract—5300 J St. S.W. in Cedar Rapids.

## III.  Standard of Review

We review a district court's grant of summary judgment for correction of errors at law. Iowa R. App. P. 6.907. Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *United Suppliers, Inc. v. Hanson*, 876 N.W.2d 765, 772 (Iowa 2016). We review the record in the light most favorable to the nonmoving party. *Minor v. State*, 819 N.W.2d 383, 393 (Iowa 2012). "Determining the legal effects of a contract is a matter of law to be resolved by the court." *Galloway v. State*, 790 N.W.2d 252, 254 (Iowa 2010).

### IV. Error Preservation

Smith claims error was preserved by the raising, submitting, and deciding in the district court of the issues submitted on appeal. All Stor claims Smith did not make an argument as to unconscionability or the Uniform Commercial Code during summary judgment, so error was not preserved.[2] "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) (citation omitted). To the extent the district court ruled on specific challenges, error is preserved. We will not address any newly raised challenges on appeal.

### V. Analysis

The release provision is part of the contract between Smith and All Stor, and its enforcement is governed by the principles of contract law. *See Huber v. Hovey*, 501 N.W.2d 53, 55 (Iowa 1993). The cardinal principle for contract construction is the parties' intent controls as determined by what the contract says. *Id.* at 56. Iowa courts will not curtail the parties' liberty to contract, including exculpatory agreements, unless a special relationship or public policy indicates otherwise. *Baker v. Stewarts' Inc.*, 433 N.W.2d 706, 707–08 (Iowa 1988). "Th[e] contract speaks for itself." *Sutphin v. Holbrook*, 97 N.W. 1100, 1102 (Iowa 1904).

Smith now states he did not read the contract before or after signing. However, it is settled law in Iowa that if a party has the chance to read the terms of a contract and fails to do so, he cannot claim ignorance to relieve himself from

---

[2] The hearing was not reported nor were the provisions of Iowa Rule of Civil Procedure 1.1001 presented.

its obligations. *Joseph L. Wilmotte & Co. v. Rosenman Bros.*, 258 N.W.2d 317, 323 (Iowa 1977). A party is bound by the documents signed despite not expressly accepting each provision or even awareness of all provisions. *Id.*

"[C]ontracts exempting a party from its own negligence are enforceable, and are not contrary to public policy." *Huber*, 501 N.W.2d at 54. "An adult's preinjury release of his claim for his own personal injuries will be enforced even if the releasing party did not read the document before signing." *Galloway*, 790 N.W.2d at 257. "The parties need not have contemplated the precise occurrence which occurred as long as it is reasonable to conclude the parties contemplated a similarly broad range of accidents." *Korsmo v. Waverly Ski Club*, 435 N.W.2d 746, 749 (Iowa Ct. App. 1988). However, negligence of a party is not excluded unless the provision clearly expresses that intent. *Sweeney v. City of Bettendorf*, 762 N.W.2d 873, 878 (Iowa 2009) (comparing the wording of the challenged release to those from prior cases to determine enforceability).

On appeal, Smith combines his challenges into a claim that the contract provision is unconscionable. Smith raised elements of unconscionability to the district court when claiming the provision was unenforceable, but he never expressly challenged the provision as unconscionable. Smith had a reasonable opportunity to present any evidence tending to prove unconscionability in his resistance to the motion to summary judgment but did not. *See Farm Bureau Life Ins. Co. v. Chubb Custom Ins. Co.* 780 N.W.2d 735, 743 (Iowa 2010) (holding summary judgment offered sufficient opportunity to present evidence of a contract's unconscionability). The district court ruled on each challenge Smith

raised, holding the provision was clear, unambiguous, and covered the occurrence in question. We do not rule on the issue of unconscionability not raised below.

We also find the contract provision here clearly and unambiguously releases All Stor from liability for personal injury or property damage occurring in the Facility—defined by contract as a specific street address, which included the office. Smith admits the injury occurred in the office located at the address identified as the Facility. No special relationship existed between Smith and All Stor, nor does the contract implicate public policy to otherwise invalidate the clause. The release expressly releases "negligence, gross negligence, willful acts of Lessor, and other acts or omissions of Lessor or its employees or agents." This language more closely resembles the enforceable language from *Huber v. Hovey* than the broad releases of *Sweeney v. City of Bettendorf* and *Baker v. Stewarts' Inc.* that did not expressly release negligence. *Compare Huber*, 501 N.W.2d at 54–55, *with Sweeney*, 762 N.W.2d at 875, *and Baker*, 433 N.W.2d at 706. Smith offers no controlling authority that a contract with a broad exculpatory clause expressly releasing a party from injury and damage caused by negligence should not be upheld as written. The release from liability is enforceable.

Alternatively, Smith claims he was no longer renting the unit at All Stor at the time the petition was brought against All Stor, and therefore the limitation of liability no longer applied. This issue was not raised or decided below, therefore error has not been preserved. However, we note the occurrence giving rise to the cause of action happened while the contract was in effect. That Smith later ended the lease and contract has no effect on the respective rights, duties, and liabilities for an occurrence during the contract period.

Even construing the facts in the light most favorable to Smith, the release provision is clear, unambiguous, and unequivocal in its release of liability and bar of claims of negligence and gross negligence against All Stor.  As the district court noted, Smith's spoliation claim cannot stand as an independent claim without the negligence or gross negligence claim.  Therefore, we conclude the district court correctly dismissed the claims.

**AFFIRMED.**